John F. Cove, Jr. (SBN 212213)
Emily V. Griffen (SBN 209162)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415-616-1100
Facsimile: 415-616-1199
Email: john.cove@shearman.com
Email: emily.griffen@shearman.com

Jerome S. Fortinsky (*pro hac vice* application pending)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212-848-4000
Email: jfortinsky@shearman.com

*Counsel for Defendant Mizuho Bank, Ltd.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LACK<br><br>                    Plaintiff,<br>        v.<br><br>MIZUHO BANK, LTD. and MARK KARPELES<br><br>                    Defendants. | CASE NO. 2:18-CV-00617-RGK-GJS<br><br>DECLARATION OF JEROME S. FORTINSKY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT<br><br>DATE:     April 30, 2018<br>TIME:     9:00 a.m.<br>PLACE:   Courtroom 850<br>JUDGE   Hon. R. Gary Klausner |

I, JEROME S. FORTINSKY, declare as follows:

I am a member of the firm of Shearman & Sterling LLP ("Shearman & Sterling"), which represents Mizuho Bank, Ltd. ("Mizuho") in this action. I submit this declaration in support of the Motion to Set Aside Entry of Default (the "Motion").

**I.  California Action**

1. Mizuho is incorporated under the laws of Japan and has its principal place of business in Tokyo, Japan.

2. The first time that anyone at Shearman & Sterling, or anyone in Mizuho's legal department in Japan ("Mizuho Head Office"), which has been overseeing the earlier-filed Mt. Gox litigation in Illinois, *Greene v. MtGox Inc., et al.*, 1:14-cv-1473 (N.D. Ill.) (the "Illinois Action"), learned that the complaint in this case had been served on Mizuho's Los Angeles branch was on March 7, 2018 when Mr. Lack filed a proof of service on the docket (Docket Entry 11). Mizuho's Los Angeles branch is one of dozens of Mizuho branches around the world and has no involvement in any of the facts underlying this litigation.

3. At no time prior to the filing of Mr. Lack's proof of service on March 7, 2018 (Docket Entry 11) did plaintiff's counsel inform me or any of my colleagues at Shearman & Sterling that he had served process on Mizuho's Los Angeles branch (or had served process on Mizuho at all).

4. Employees at Mizuho's Los Angeles branch informed Mizuho's New York branch about the service, but they did not inform Mizuho Head Office or Shearman & Sterling in the mistaken belief that Mizuho Head Office and Shearman & Sterling already knew the complaint had been served.

5. Immediately after Mr. Lack filed the proof of service on the docket, one of my colleagues contacted the plaintiff's counsel, Edelson PC ("Edelson"), to inform them that Mizuho Head Office and Shearman & Sterling were not aware that the California complaint had been served and proposed to enter into a stipulation

DECLARATION IN SUPPORT OF  2  CASE NO. 2:18-CV-00617-RGK-GJS
MOTION TO SET ASIDE ENTRY OF DEFAULT

that would allow Mizuho to answer, move, or otherwise respond to the complaint after the Judicial Panel on Multidistrict Litigation ("JPML") ruled on the plaintiff's Motion for Consolidation and Transfer pursuant to 28 U.S.C. §1407 ("Transfer Motion"), which proposal was accepted by Edelson.

6. The parties filed the stipulation on March 13, 2018 (Docket Entry 15).

## II. Illinois Action

7. My firm has been representing Mizuho in the Illinois Action since March 2014.

8. Fact and expert discovery in the Illinois Action are closed, and the plaintiff's motion for class certification is fully briefed.

9. According to the evidentiary record established in discovery in the Illinois Action, Japanese banking laws did not permit Mizuho to unilaterally close Mt. Gox's account without evidence that Mt. Gox had failed to comply with banking regulations.

10. According to the evidentiary record established in discovery in the Illinois Action, in or around mid-2013, Mt. Gox users, in the press and on online discussion boards, reported difficulties in withdrawing cash from their Mt. Gox accounts and described alternative ways for getting their investments out of Mt. Gox, including buying bitcoin and transferring the bitcoin to other exchanges or the user's personal wallet outside of Mt. Gox.

11. Evidence produced in the Illinois Action shows that after Mizuho stopped accepting outbound wire transfer requests from Mt. Gox, Mt. Gox developed a new banking relationship with Japan Post Bank. The evidence further shows that through Japan Post Bank, Mt. Gox sent more than $26 million to more than 560 Mt. Gox users in the United States between late June 2013 and late February 2014.

12. Attached hereto as Exhibit 1 is a true and correct copy of the initial complaint filed in the Illinois Action on February 27, 2014.

13. Attached hereto as Exhibit 2 is a true and correct copy of a March 11, 2014 minute entry before the Honorable Gary Feinerman in the Illinois Action.

14. Attached hereto as Exhibit 3 is a true and correct copy of a Temporary Restraining Order, filed on March 11, 2014 in the Illinois Action.

15. Attached hereto as Exhibit 4 is a true and correct copy of the First Amended Class Action Complaint filed on March 14, 2014 in the Illinois Action.

16. Attached hereto as Exhibit 5 is a true and correct copy of the December 11, 2017 Memorandum Opinion and Order granting Mizuho's motion for reconsideration in the Illinois Action.

### III. Pennsylvania Action

17. Attached hereto as Exhibit 6 is a true and correct copy of the complaint filed on January 24, 2018 in *Pearce v. Mizuho Bank, Ltd., et ano.*, 2:18-cv-00306 (E.D. Pa.).

### IV. JPML Proceedings

18. Attached hereto as Exhibit 7 is a true and correct copy of the Motion for Consolidation and Transfer pursuant to 28 U.S.C. §1407 filed by the plaintiff's counsel on January 31, 2018 in *In re Mt. Gox Bitcoin Exchange Litig.*, MDL No. 2829, before the JPML.

19. Attached hereto as Exhibit 8 is a true and correct copy of Defendant Mizuho Bank Ltd.'s Opposition to Motion of Plaintiff Anthony Motto for Consolidation and Transfer Pursuant to 28 U.S.C. § 1407, filed on February 22, 2018 in *In re Mt. Gox Bitcoin Exchange Litig.*, MDL No. 2829, before the JPML.

20. The Transfer Motion is fully briefed and oral argument was heard by the JPML on March 29, 2018.

### V. Miscellaneous

21. Attached hereto as Exhibit 9 is a true and correct copy of an announcement from Mt. Gox's website entitled "Statement Regarding Temporary Hiatus on U.S. Dollar Withdrawals," dated June 20, 2013, which was printed from

1  http://web.archive.org/web/20130811014059/https://www.mtgox.com/press_release
2  20130620.html.

3   22. Attached hereto as Exhibit 10 is a true and correct copy of an announcement from Mt. Gox's website entitled "Statement on Resumption of Withdrawals and Improved Banking," dated July 4, 2013, which was printed from http://web.archive.org/web/20130810181218/https://www.mtgox.com/press_release_20130704.html.

   23. Attached hereto as Exhibit 11 is a true and correct copy of a document printed from https://www.mtgox.com/trade/funding-options on January 17, 2014, which was produced in discovery by plaintiff Anthony Motto in the Illinois Action.

   24. Attached hereto as Exhibit 12 is a true and correct copy of the Declaration of Nobuaki Kobayashi in Support of the Amended Verified Petition for Recognition and Chapter 15 Relief, filed on May 23, 2014 in *In re MtGox Co., Ltd. (a/k/a MtGox KK)*, No. 14-31229-sgj-15 (Bankr. N.D. Tex.).

Dated: April 2, 2018

_____
Jerome S. Fortinsky

DECLARATION IN SUPPORT OF
MOTION TO SET ASIDE ENTRY OF DEFAULT

CASE NO. 2:18-CV-00617-RGK-GJS