John F. Cove, Jr. (SBN 212213)
Emily V. Griffen (SBN 209162)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415-616-1100
Facsimile: 415-616-1199
Email: john.cove@shearman.com
Email: emily.griffen@shearman.com

Jerome S. Fortinsky (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212-848-4000
Email: jfortinsky@shearman.com

*Attorneys for Defendant Mizuho Bank, Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LACK<br><br>    Plaintiff,<br><br>    v.<br><br>MIZUHO BANK, LTD. and<br>MARK KARPELES,<br><br>    Defendants;<br><br>MIZUHO BANK, LTD.<br><br>    Cross-Claimant,<br><br>    v.<br><br>MARK KARPELES,<br><br>    Cross-Defendant. | Case No. 2:18-CV-00617-RGK-GJS<br><br>DEFENDANT MIZUHO BANK LTD.'S<br>ANSWER AND CROSSCLAIMS |

Defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, hereby answers the Complaint, dated January 24, 2018 (the "Complaint"). Terms used in this Answer shall have the meanings assigned to them in the Complaint unless otherwise defined herein.  The term "Mt. Gox" shall mean "Mt. Gox Co., Ltd."  Mizuho denies the allegations contained in the headings and subheadings in the Complaint, even if not repeated in this Answer.

1.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.

2.     Mizuho denies the allegations contained in Paragraph 2, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to Defendant Mark Karpeles ("Karpeles").

3.     Mizuho denies the allegations contained in Paragraph 3.

4.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4.

5.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5, except refers to the documents cited therein for their true and complete contents.

6.     Mizuho denies the allegations contained in Paragraph 6, except admits that it is a Japanese financial institution headquartered in Tokyo, Japan, and that it operates one branch office in Los Angeles, California and one branch in San Francisco, California.

7.     The allegations contained in Paragraph 7 state legal conclusions as to which no response is required.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 7, except refers to the statute cited therein for its true and complete contents.

8.      The allegations contained in Paragraph 8 state legal conclusions as to which no response is required.  To the extent that a response is required, Mizuho denies the allegations contained in Paragraph 8.

9.      The allegations contained in Paragraph 9 state legal conclusions as to which no response is required.  To the extent that a response is required, Mizuho denies the allegations contained in Paragraph 9.

10.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.

11.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11.

12.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.

13.     Mizuho denies the allegations contained in Paragraph 13, except denies knowledge or information sufficient to form a belief as to whether users could transfer bitcoins directly into their Mt. Gox accounts, and admits that Mt. Gox had an account at Mizuho and received cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary and identified Mizuho as the beneficiary's bank.

14.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 14.

15.     Mizuho denies the allegations contained in Paragraph 15, except admits that it charged its customer Mt. Gox a transaction fee for certain deposits by wire transfer into Mt. Gox's account.

16.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16.

17.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17.

18.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18.

19.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 19.

20.     Mizuho denies the allegations contained in Paragraph 20, except admits that Mt. Gox had an account at Mizuho and received cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary and identified Mizuho as the beneficiary's bank.

21.     Mizuho denies the allegations contained in Paragraph 21, except admits that Mt. Gox had an account at Mizuho and received cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary and identified Mizuho as the beneficiary's bank.

22.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 22, except admits that Mizuho sent wire transfers based on instructions from its customer Mt. Gox.

23.     Mizuho denies the allegations contained in Paragraph 23.

24.     Mizuho denies the allegations contained in Paragraph 24, except admits that Mizuho was concerned about reports that U.S. authorities were investigating Mt. Gox for business dealings related to money laundering, and admits that it was under investigation by Japan's Financial Services Agency in connection with an issue unrelated to the allegations in the Complaint.

25.     Mizuho denies the allegations contained in Paragraph 25, except admits that it was concerned that its banking relationship with Mt. Gox would expose it to liability and cause significant reputational harm.

26.     Mizuho denies the allegations contained in Paragraph 26.

27.     Mizuho denies the allegations contained in Paragraph 27, except admits that in June 2013, Mizuho terminated outbound wire transfer services for its customer Mt. Gox.

28.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28.

29.     Mizuho denies the allegations contained in Paragraph 29, except admits that until February 2014, Mt. Gox received cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary and identified Mizuho as the beneficiary's bank and admits that Mizuho charged Mt. Gox transaction fees for certain wire transfers.

30.     Mizuho denies the allegations contained in Paragraph 30.

31.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 31.

32.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32.

33.     Mizuho denies the allegations contained in Paragraph 33, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 as to Karpeles.

34.     Mizuho denies the allegations contained in Paragraph 34.

35.     Mizuho denies the allegations contained in Paragraph 35.

36.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 36.

37.     Mizuho denies the allegations contained in Paragraph 37, except admits that until February 2014, Mt. Gox received cash wire transfers where the party initiating the wire transfer designated Mt. Gox as the beneficiary and identified Mizuho as the beneficiary's bank and admits that Mizuho charged Mt. Gox transaction fees for certain wire transfers.

38.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38.

39.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39.

40.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 40, except refers to the document cited therein for its true and complete contents.

41.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41.

42.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42, except refers to the proceedings cited therein for their true and complete contents.

43.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43, except refers to the proceedings cited therein for their true and complete contents.

44.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 44.

45.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 45.

46.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46.

47.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 47.

48.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 48.

49.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 49.

50.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 50.

51.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 51.

52.     Mizuho denies the allegations contained in Paragraph 52, except admits that it did not communicate directly with Lack, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 52 as to Mt. Gox.

53.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 53, except denies that Mizuho was interfering with Mt. Gox's ability to service users.

54.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 54.

55.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 55.

56.     The allegations contained in Paragraph 56 state legal conclusions as to which no response is required.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 56, except refers to the rule cited therein for its true and complete contents.

57.     Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 57 and the footnote contained therein, except refers to the documents cited therein for their true and complete contents.

58.     The allegations contained in Paragraph 58 state legal conclusions as to which no response is required.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity

1   of the allegations contained in Paragraph 58, except denies the allegations contained

2   in Paragraph 58 as to Mizuho.

3        59.    Mizuho denies the allegations contained in Paragraph 59.

4        60.    The allegations contained in Paragraph 60 state legal conclusions as to

5   which no response is required.  To the extent that a response is required, Mizuho

6   denies the allegations contained in Paragraph 60.

7        61.    The allegations contained in Paragraph 61 state legal conclusions as to

8   which no response is required.  To the extent that a response is required, Mizuho

9   denies the allegations contained in Paragraph 61.

10       62.    Mizuho repeats and realleges each and every response set forth in this

11  Answer as if fully set forth herein.

12       63.    The allegations contained in Paragraph 63 are not directed to Mizuho,

13  and therefore, Mizuho is not required to answer such allegations.  To the extent that

14  a response is required, Mizuho denies knowledge or information sufficient to form a

15  belief as to the truth or falsity of the allegations contained in Paragraph 63.

16       64.    The allegations contained in Paragraph 64 are not directed to Mizuho,

17  and therefore, Mizuho is not required to answer such allegations.  To the extent that

18  a response is required, Mizuho denies knowledge or information sufficient to form a

19  belief as to the truth or falsity of the allegations contained in Paragraph 64.

20       65.    The allegations contained in Paragraph 65 are not directed to Mizuho,

21  and therefore, Mizuho is not required to answer such allegations.  To the extent that

22  a response is required, Mizuho denies knowledge or information sufficient to form a

23  belief as to the truth or falsity of the allegations contained in Paragraph 65.

24       66.    The allegations contained in Paragraph 66 are not directed to Mizuho,

25  and therefore, Mizuho is not required to answer such allegations.  To the extent that

26  a response is required, Mizuho denies knowledge or information sufficient to form a

27  belief as to the truth or falsity of the allegations contained in Paragraph 66.

28

67.   The allegations contained in Paragraph 67 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67.

68.   The allegations contained in Paragraph 68 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68.

69.   The allegations contained in Paragraph 69 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69.

70.   Mizuho repeats and realleges each and every response set forth in this Answer as if fully set forth herein.

71.   The allegations contained in Paragraph 71 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71.

72.   The allegations contained in Paragraph 72 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72.

73.   The allegations contained in Paragraph 73 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73.

74.    The allegations contained in Paragraph 74 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74.

75.    The allegations contained in Paragraph 75 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 75.

76.    The allegations contained in Paragraph 76 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 76.

77.    The allegations contained in Paragraph 77 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 77.

78.    The allegations contained in Paragraph 78 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 78.

79.    The allegations contained in Paragraph 79 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that a response is required, Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 79.

80.    The allegations contained in Paragraph 80 are not directed to Mizuho, and therefore, Mizuho is not required to answer such allegations.  To the extent that

1  a response is required, Mizuho denies knowledge or information sufficient to form a
2  belief as to the truth or falsity of the allegations contained in Paragraph 80.

3       81.    The allegations contained in Paragraph 81 are not directed to Mizuho,
4  and therefore, Mizuho is not required to answer such allegations.  To the extent that
5  a response is required, Mizuho denies knowledge or information sufficient to form a
6  belief as to the truth or falsity of the allegations contained in Paragraph 81.

7       82.    Mizuho repeats and realleges each and every response set forth in this
8  Answer as if fully set forth herein.

9       83.    Mizuho denies the allegations contained in Paragraph 83.

10      84.    Mizuho denies the allegations contained in Paragraph 84.

11      85.    Mizuho denies the allegations contained in Paragraph 85.

12      86.    Mizuho denies the allegations contained in Paragraph 86.

13      87.    Mizuho denies the allegations contained in Paragraph 87.

14      88.    The allegations contained in Paragraph 88 state legal conclusions as to
15  which no response is required.  To the extent that a response is required, Mizuho
16  denies the allegations contained in Paragraph 88.

17      89.    Mizuho denies the allegations contained in Paragraph 89.

18      90.    Mizuho repeats and realleges each and every response set forth in this
19  Answer as if fully set forth herein.

20      91.    Mizuho denies the allegations contained in Paragraph 91.

21      92.    Mizuho denies the allegations contained in Paragraph 92.

22      93.    Mizuho denies the allegations contained in Paragraph 93.

23      94.    Mizuho denies the allegations contained in Paragraph 94.

24      95.    Mizuho denies the allegations contained in Paragraph 95.

25      96.    Mizuho denies the allegations contained in Paragraph 96.

26      97.    Mizuho denies the allegations contained in Paragraph 97.

27      98.    Mizuho denies the allegations contained in Paragraph 98.

28

99.    Mizuho denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 99.

100.   Mizuho denies the allegations contained in Paragraph 100.

101.   Mizuho denies the allegations contained in Paragraph 101.

Mizuho denies the allegations contained in the prayer for relief, except admits that the plaintiff purports to seek relief as described therein.

Mizuho avers that no response to the Complaint's demand for a jury trial is required or appropriate.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any element of the plaintiff's claims, Mizuho asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because this Court lacks general or specific personal jurisdiction over Mizuho.

### SECOND AFFIRMATIVE DEFENSE

The conduct of Mt. Gox, Mt. Gox KK, Tibanne KK (and their respective affiliates or subsidiaries) and Karpeles was a superseding or intervening cause of any damage, loss, or injury suffered by the plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the alleged losses were not actually or proximately caused by Mizuho.

### FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, by the comparative fault of third parties, and Mizuho reserves the right to join responsible parties or file claims against responsible parties.

### SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the alleged damages were caused solely by the acts or omissions of Karpeles, Mt. Gox, Mt. Gox KK, Tibanne KK, or other individuals or entities over which Mizuho has no control.

### SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred because the plaintiff failed to make reasonable efforts to mitigate, minimize, or avoid any losses or damages alleged in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff did not have a valid and enforceable contract with Mt. Gox.

### NINTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was not aware of any alleged contractual relationship between the plaintiff and Mt. Gox.

### TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho's conduct was justified by a legitimate business purpose.

### ELEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was, under Japanese law, required to accept inbound wire

transfers, including inbound wire transfers that designated Mt. Gox as the beneficiary.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was prohibited by contract from rejecting inbound wire transfers, including inbound wire transfers that designated Mt. Gox as the beneficiary.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was prohibited by applicable state law from rejecting inbound wire transfers, including inbound wire transfers that designated Mt. Gox as the beneficiary.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho did not conceal any material fact from Mt. Gox's customers, and did not ask or require any other individual or entity to conceal any material facts from Mt. Gox's customers.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was prohibited by Japanese law from disclosing information concerning its banking relationship with Mt. Gox, including without limitation any restrictions imposed on outbound wire transfers from the Mt. Gox account.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was prohibited by contract from disclosing information

concerning its banking relationship with Mt. Gox, including without limitation any restrictions imposed on outbound wire transfers from the Mt. Gox account.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho was prohibited by applicable state law from disclosing information concerning its banking relationship with Mt. Gox, including without limitation any restrictions imposed on outbound wire transfers from the Mt. Gox account.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho did not intend to induce any false belief in the plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho did not owe any duty to disclose to the plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff could have discovered, through a reasonable inquiry or inspection, any information that was allegedly concealed.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff did not rely upon any alleged silence by Mizuho.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff would not have acted differently had he been aware of the facts allegedly concealed by Mizuho.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho's alleged concealment, and the plaintiff's reliance on that alleged concealment, were not the actual or proximate cause of the plaintiff's injury.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho did not unjustly retain any benefit to the plaintiff's detriment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho's alleged retention of a benefit did not violate any fundamental principles of justice, equity or good conscience.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Mizuho is not liable for the conduct of any employee or agent to the extent that the employee or agent was acting outside the scope of his or her authority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff would be unjustly enriched if he was allowed to recover any part of the damages alleged in the complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because Mizuho is not liable for the acts of Karpeles or any other actor.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The plaintiff is not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, based on the doctrine of *forum non conveniens*.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, by the doctrines of laches, acquiescence, waiver, ratification, estoppel, or any other related equitable doctrine.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff and members of the putative class have unclean hands.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, under applicable statutes of limitations and/or statutes of repose.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff has not suffered actual, cognizable injuries.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint against Mizuho are barred, in whole or in part, because the plaintiff lacks standing to assert claims individually or as a class.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Mizuho is not subject to liability because it reasonably relied upon the advice, guidance, statements, and/or comments of its counsel.

1

### **RESERVATION OF RIGHTS**

2

Mizuho has not knowingly or intentionally waived any applicable defenses.

Mizuho expressly reserves the right to amend or supplement this Answer and the

Affirmative Defenses.  Mizuho reserves the right to assert other and additional

defenses, crossclaims, and third-party claims not asserted herein of which it

becomes aware through discovery or other investigation.

WHEREFORE, Mizuho, having fully answered the Complaint, prays that:

a.  the Complaint be dismissed with prejudice as to Mizuho and that

the plaintiff take nothing thereby;

b.  the Court grant Mizuho the costs of defending the plaintiff's

claims, including reasonable attorneys' fees; and

c.  the Court grant such other and further relief as is deemed just and

proper.

**DEFENDANT/CROSS-CLAIMANT**

**MIZUHO BANK, LTD.'S CROSSCLAIMS AGAINST**

**DEFENDANT/CROSS-DEFENDANT MARK KARPELES**

Defendant/Cross-Claimant Mizuho Bank, Ltd. ("Mizuho"), by and through its undersigned attorneys, for its crossclaims against Defendant/Cross-Defendant Mark Karpeles ("Karpeles"), states as follows:

1.     On January 28, 2018, Plaintiff Joseph Lack filed a Complaint (the "Complaint") against Defendants Mizuho and Karpeles, seeking recovery on behalf of a class of similarly situated individuals for their losses related to the collapse of Mt. Gox.

2.     These crossclaims seek to hold Cross-Defendant Karpeles accountable for the damages that Mizuho suffered as a result of Karpeles's conduct in connection with the matters described in the Complaint and these crossclaims.

**PARTIES**

3.     Defendant/Cross-Claimant Mizuho is a Japanese financial institution headquartered in Tokyo, Japan.

4.     Defendant/Cross-Defendant Karpeles is a natural person and citizen of the country of France.

5.     Mizuho and Karpeles are "coparties" to this action within the meaning of Rule 13 of the Federal Rules of Civil Procedure.

**JURISDICTION AND VENUE**

6.     While Mizuho denies that it is subject to personal jurisdiction in this action, or that this is the appropriate venue for this action, jurisdiction and venue are proper for these crossclaims to the extent they are proper for the claims asserted by the plaintiff.

7.     In addition, this Court has supplemental jurisdiction over these crossclaims pursuant to 28 U.S.C. § 1367(a) because all of the parties to these

1   crosclaims are defendants in the Complaint, and because these claims are so related

2   to the claims asserted in the Complaint that they form part of the same case or

3   controversy.

4                          **FACTUAL ALLEGATIONS**

5          8.     Mizuho alleges and incorporates by reference the allegations in the

6   Complaint concerning the conduct of Karpeles.  Nothing in this paragraph is

7   intended to, or shall be construed to, admit any allegation in the Complaint, except

8   insofar as it is admitted in the Answer to the Complaint.

9          9.     On information and belief, Karpeles, as President, CEO, and majority

10  shareholder of Mt. Gox, controlled all aspects of Mt. Gox's business, including

11  writing and designing the software used to run Mt. Gox, and handling all of Mt.

12  Gox's third-party negotiations and contracts.

13         10.    On information and belief, Karpeles was also responsible for directing

14  the drafting and dissemination of Mt. Gox's public statements and representations,

15  as well as the statements made through Mt. Gox's customer service department.

16         11.    On information and belief, Karpeles was aware that there were security

17  "bugs" in the Mt. Gox system as early as 2011.

18         12.    On information and belief, Karpeles stole Mt. Gox users' bitcoins,

19  either by exploiting the security "bugs" or otherwise.

20         13.    On information and belief, Karpeles lied about and misrepresented the

21  nature of Mt. Gox's business to Mizuho and Mt. Gox users.

22         14.    Karpeles made numerous representations to the public and to Mt. Gox

23  users that the withdrawal issues were only temporary and that user assets were safe.

24  Karpeles also assured users through the Mt. Gox online Support Desk that any

25  problems were being dealt with and that there was no cause for alarm.

26

27

28

15.     Karpeles lied about and misrepresented, publicly and to Mt. Gox users, the reason for any delays that Mt. Gox users were experiencing in withdrawing cash from, or depositing cash into, their Mt. Gox accounts.

16.     When Mt. Gox filed for bankruptcy on February 28, 2014, it disclosed in its petition, which named Karpeles as its sole Representative Director, that it had known about the security "bug" since May 2011 but alleged that it did not know "until the end of January 2014 that [the bug] could lead to a large number of unconfirmed transactions and to a risk of illicit withdrawals." The petition further disclosed that Mt. Gox had discovered "a large discrepancy in the total of deposit balances at those financial institutions which managed said deposits compared to the total amount actually deposited by users and that there was a large shortfall of deposit balances."[1]

17.     Over the next few days, rumors circulated that the supposed "hack" of Mt. Gox was an inside job orchestrated by Karpeles, who secretly controlled the stolen bitcoins.

18.     The plaintiff has alleged that Mt. Gox users lost more than $400 million as a result of the conduct of Karpeles, Mt. Gox, and Mt. Gox's affiliates.

19.     But for Karpeles's fraud (and other wrongdoing), Mt. Gox users, including the plaintiff, would not have suffered these losses.

20.     But for Karpeles's fraud (and other wrongdoing), the conduct of Mizuho that is alleged in the Complaint would not have caused any harm to the plaintiff.

21.     But for Karpeles's fraud (and other wrongdoing), Mizuho would not have been sued, and would not have incurred any losses relating to this action, including but not limited to legal fees and expenses.

---

[1]     Civil Rehabilitation Commencement Application, Dkt. 57-3 at 10.

22.     It was reasonably foreseeable that Mizuho would suffer these damages as a result of Karpeles's fraud.

23.     Karpeles is the actual and proximate cause of any damages suffered by the plaintiff.

## FIRST CAUSE OF ACTION

### (General Tort Under Article 709 Of Japan's Civil Code Or Other Applicable Law)

24.     Mizuho alleges and incorporates by reference the allegations in these crossclaims.

25.     Karpeles owed Mizuho a duty of reasonable care to avoid violating Mizuho's rights or legally protected interests.

26.     The foregoing statements and other conduct by Karpeles were, at a minimum, negligent and done without reasonable care for the truth or the consequences of these statements.  Karpeles's statements and other conduct, including but not limited to statements to and about Mizuho, violated Mizuho's rights or legally protected interests.

27.     Mizuho suffered damages as a result of Karpeles's statements and other conduct, including but not limited to legal fees and expenses that resulted from claims being brought by Mt. Gox users.

28.     Mizuho's damages were proximately caused by Karpeles's false statements.

29.     Mizuho's damages were a reasonably foreseeable result of Karpeles's false statements.

## SECOND CAUSE OF ACTION

### (Contribution)

30.     Mizuho alleges and incorporates by reference the allegations in the crossclaims above.

1    31.   Mizuho denies all liability alleged against it by the plaintiff.  However,

2    pursuant to Japanese law, Cal. Code of Civ. Proc. § 875, and/or other applicable

3    law, in the event Mizuho is found liable in any respect, Mizuho is entitled to recover

4    from Karpeles the proportion of the plaintiff's alleged damages, if any, that were

5    caused by Karpeles's unlawful conduct, as described above.

6                                **PRAYER FOR RELIEF**

7         WHEREFORE, Defendant/Cross-Claimant Mizuho respectfully requests that

8    this Court enter judgment in its favor and against Defendant/Cross-Defendant

9    Karpeles for:

10        (1)   An award of actual damages;

11        (2)   An award of reasonable attorneys' fees and costs in defense of the

12   plaintiff's claims against Mizuho;

13        (3)   An award of reasonable attorneys' fees and costs incurred in the

14   crossclaims against Karpeles; and

15        (4)   Such other and further relief as this Court deems proper.

16        In the alternative, in the event the trier of fact renders a verdict against

17   Defendant/Cross-Claimant Mizuho, Mizuho respectfully requests that this Court

18   enter judgment against Karpeles in an amount commensurate with the *pro rata* share

19   of liability attributable to Karpeles.

20

21   DATED:  July 3, 2018                 SHEARMAN & STERLING LLP

22

23                                        By:  /s/ Jerome S. Fortinsky
                                               Jerome S. Fortinsky (admitted *pro hac*
24                                             *vice*)

25                                        *Attorneys for Defendant/Cross-Claimant*
                                          *Mizuho Bank, Ltd.*
26

27

28