UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | August 27, 2018 |
|---|---|---|---|
| Title | *Lack v. Mizuho Bank, Ltd. et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Mizuho's Motion for Certification for Interlocutory Appeal (DE 58)**

Presently before the Court is defendant Mizuho Bank's ("Mizuho") Motion for Certification for Interlocutory Appeal. (DE 58.) On June 19, 2018, in ruling on a motion to dismiss, the Court found that although this is a "close case," the Court has personal jurisdiction over Mizuho in this action. (*See* Order Re: Mizuho's Mot. Dismiss, ECF No. 51.) Seizing on the Court's "close case" language, Mizuho now seeks to certify the question of personal jurisdiction for interlocutory appeal to the Ninth Circuit Court of Appeals. But the Court declines to do so.

Under 28 U.S.C. § 1292(b), a district court may certify an interlocutory order for appeal where the order (1) "involves a controlling question of law"; (2) "as to which there is a substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Villarreal v. Caremark LLC*, 85 F. Supp. 3d 1063, 1067 (D. Ariz. 2015) (citing 28 U.S.C. § 1292(b)). "The decision to certify an order for interlocutory appeal," however, "is committed to the sound discretion of the district court." *United States v. Tenet Healthcare Corp.*, No. CV-04-857-GAF(JTLX), 2004 WL 3030121, at *1 (C.D. Cal. Dec. 27, 2004) (citing *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995)). Courts should grant certification under section 1292(b) only in "exceptional circumstances" that "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981).

The Court finds that the "exceptional circumstances" necessary to justify certifying the order for interlocutory appeal are not present here. Although the Court acknowledged the personal jurisdiction analysis to be "close," "section 1292(b) was not intended merely to provide review of difficult rulings in hard cases." *Villarreal*, 85 F. Supp. 3d at 1068 (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)). Further, "[t]hat settled law might be applied differently does not establish [the] substantial ground for difference of opinion" necessary to justify certifying an order for interlocutory appeal. *Couch v. Telescope, Inc.*, 611 F.3d 629, 633–34 (9th Cir. 2010). Personal jurisdiction law is well-settled and the inquiry is inherently fact-specific. Accordingly, though this may be a "close case,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | August 27, 2018 |
|---|---|---|---|
| Title | *Lack v. Mizuho Bank, Ltd. et al.* | | |

the Court declines to exercise its discretion to certify the order for interlocutory appeal.

The Court therefore **DENIES** Mizuho's Motion for Certification. (DE 58.)

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | VRV |