John F. Cove, Jr. (SBN 212213)
Emily V. Griffen (SBN 209162)
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: 415-616-1100
Facsimile: 415-616-1199
Email: john.cove@shearman.com
Email: emily.griffen@shearman.com

Jerome S. Fortinsky (*admitted pro hac vice*)
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone: 212-848-4000
Email: jfortinsky@shearman.com

*Counsel for Defendant Mizuho Bank, Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JOSEPH LACK,

Plaintiff,

v.

MIZUHO BANK, LTD. and MARK KARPELES,

Defendants.

Case No. 2:18-CV-00617-RGK-GJS

**NOTICE OF MOTION AND MOTION OF DEFENDANT MIZUHO BANK, LTD. TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

DATE: March 4, 2019
TIME: 9:00 a.m.
PLACE: Courtroom 850
JUDGE Hon. R. Gary Klausner

**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS**

PLEASE TAKE NOTICE that, on March 4, 2019, at 9:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 850 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, defendant Mizuho Bank, Ltd. ("Mizuho"), by and through its counsel, Shearman & Sterling LLP, will, and hereby does, move the Court for an order staying this action pending the submission of the proposed rehabilitation plan in the Mt. Gox civil rehabilitation proceedings in Japan.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities and the declaration of Jeffrey Resetarits ("Resetarits Decl." or "Resetarits Declaration"), any matters of which the Court may take judicial notice, the files and records in this action, and such oral and documentary evidence as this Court may allow at the hearing of this motion.

Pursuant to Local Rule 7-3, counsel for Mizuho conferred telephonically with counsel for plaintiffs regarding the bases for the present motion to stay on January 23, 2019, but those conversations did not succeed in eliminating the need to file this motion. *See* Resetarits Decl. ¶¶ 1-2.

Dated: February 4, 2019

SHEARMAN & STERLING LLP

By: *\/s/ John F. Cove, Jr.*
John F. Cove, Jr.

*Attorneys for Defendant Mizuho Bank, Ltd.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................. **ERROR! BOOKMARK NOT DEFINED.**

I. INTRODUCTION ........................................ 2

II. STATEMENT OF FACTS ........................................ 3

III. THE COURT SHOULD GRANT A BRIEF STAY OF THIS ACTION PENDING THE SUBMISSION OF THE PROPOSED REHABILITATION PLAN ........................................ 5

A. Granting The Stay Will Not Prejudice Plaintiff ........................................ 6

B. Defendants Will Suffer Significant Hardship If A Stay Is Denied ........................................ 7

C. A Temporary Stay Would Conserve Judicial Resources By Avoiding Unnecessary Litigation and Motion Practice .......... 8

IV. CONCLUSION ........................................ 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.*, 137 S. Ct. 1773 (2017) .... 4

*Doerken v. USAA Sav. Bank*, No. CV 16-08824-RSWL-MRW, 2017 WL 1534186 (C.D. Cal. Apr. 26, 2017) .... 5, 7, 9

*Joint Equity Comm. of Inv'rs of Real Estate Partners Inc. v. Coldwell Banker Real Estate Corp.*, 2010 WL 11464784 (C.D. Cal. Dec. 6, 2010) .... 1, 7, 8

*Kingdom of Sweden v. Melius*, No. CV1404492RSWL (Ex), 2015 WL 7574463 (C.D. Cal. Nov. 25, 2015) .... 6, 7

*Landis v. North Am. Co.*, 299 U.S. 248 (1936) .... 5

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) .... 5

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .... 5

# **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Mizuho moves to stay this matter on the grounds that Plaintiff Joseph Lack is highly likely to recover any damages he allegedly suffered, and members of the putative class he seeks to represent are highly likely to recover any damages they allegedly suffered, in the Japanese civil rehabilitation proceedings concerning Mt. Gox, a now-defunct "bitcoin exchange." Those proceedings will be completed this spring. Pushing forward in this case now, even though this case will likely soon be moot, serves no useful purpose and will waste the resources of the parties and the Court. Under these circumstances, there is no question that "the interests of justice [would be] served by waiting to see if Plaintiffs will recover the full value of their losses, before the Court moves forward with this litigation." *Joint Equity Comm. of Inv'rs of Real Estate Partners Inc. v. Coldwell Banker Real Estate Corp.*, 2010 WL 11464784, at *7 (C.D. Cal. Dec. 6, 2010).

In order to account for the possibility that Lack is not made entirely whole in the Japanese proceedings, Mizuho has offered to allow Lack to dismiss his complaint without prejudice in return for Mizuho's agreement to toll the statute of limitations. *See* Resetarits Decl. ¶ 2. Mizuho has also agreed that, in the event Lack then ultimately decides to re-file his complaint, Mizuho will forgo moving to dismiss on grounds already raised in the motion to dismiss it previously filed in this case. *Id*. This solution would remove the case from the Court's docket but preserve Lack's ability to proceed in the unlikely event the Japanese proceedings do not fully compensate him. Lack declined this offer. *Id.* To ensure the efficient administration of justice and to prevent abusive litigation, this Court should stay this action. Lack's counsel informed Mizuho that Lack takes no position on this motion. *Id.* ¶ 1.

## I. INTRODUCTION

On January 24, 2018, approximately six weeks after the U.S. District Court for the Northern District of Illinois had dismissed the claims he asserts here, Lack filed his complaint in this Court. He seeks damages for losses he allegedly suffered when, after Mt. Gox collapsed in February 2014, he was unable to regain funds he had deposited on the Mt. Gox bitcoin platform. Although his initial complaint in the Illinois case included Mt. Gox as a defendant, he amended that complaint to drop Mt. Gox from the case after proceedings against Mt. Gox were stayed because of its bankruptcy filing. In his complaint in this Court, Lack has named only Mark Karpeles, the former CEO of Mt. Gox, and Mizuho as defendants.

When Lack filed this complaint, bankruptcy proceedings for Mt. Gox were underway in Japan. On June 22, 2018, upon the application of Mt. Gox creditors, the Tokyo District Court converted the Japanese bankruptcy proceeding to new civil rehabilitation proceedings. *See* Report under Paragraph 1 of Article 125 of the Civil Rehabilitation Act, Resetarits Decl., Ex. 1 at p. 1-2. The appointed trustee reported that the Mt. Gox estate may have sufficient assets (because of the increased value of bitcoin held by the trust) to pay in full the claims of Mt. Gox users who lost money or bitcoin when Mt. Gox collapsed, including Lack and members of the putative class he seeks to represent here. *See id*. Lack was among those who submitted a claim to the trustee. Docket Entry 66. On January 24, 2019, the trustee announced that the trustee's claims determinations, including Lack's, are scheduled to be made by March 15, 2019, and a proposed rehabilitation plan is to be submitted by April 26, 2019. *See* Announcement of Order to Change Schedule for Rehabilitation Proceedings, Resetarits Decl., Ex. 2 at p. 1. If investors fully recover their losses when the trustee distributes funds from the Mt. Gox trust, Lack will have no claim for damages in this case.

Although Lack's claim is likely to be resolved by April 2019, litigation deadlines in this action are rapidly approaching, and, without a stay, the parties and the Court will undoubtedly expend substantial resources briefing and deciding motions and preparing for trial.

Accordingly, to preserve its and the parties' resources, the Court should stay this action pending the submission of the proposed rehabilitation plan. Each of the factors considered by courts in this Circuit in deciding whether to stay a case – in short, any harm to the plaintiff, any prejudice to the defendant, and judicial efficiency – weighs heavily in favor of granting this motion.

***First***, a stay will cause no harm whatsoever to Lack or the putative class. Rather, Lack would benefit from avoiding the potentially unnecessary costs of motion practice and trial preparation, all of which may end up being for naught once the Mt. Gox trustee distributes the funds in his possession.

***Second***, if this action is not stayed, Mizuho would be severely prejudiced by having to devote its time and other resources litigating a case that will likely be resolved through the Japanese civil rehabilitation proceedings.

***Third***, a stay would promote judicial efficiency because, if this case proceeds without a stay, the Court, too, will be forced to devote time and attention to deciding motions and addressing other litigation issues, as well as preparing to oversee the trial, which is scheduled for June 2019, even though Lack will likely fully recover his losses before then.

For these reasons and the others discussed in this motion, Mizuho respectfully requests that this Court stay the case pending the submission of the proposed rehabilitation plan.

## II. STATEMENT OF FACTS

Lack first asserted his claims against Mizuho and Mark Karpeles on March 14, 2014 in the United States District Court for the Northern District of

Illinois, approximately two weeks after the collapse of Mt. Gox. *Greene v. MtGox Inc., et al.*, No. 14-cv-1437 (N.D. Ill. filed Feb. 27, 2014). Plaintiffs later dismissed Mt. Gox and related entities from the case, following the recognition of bankruptcy proceedings in Japan by the U.S. Bankruptcy Court for the Northern District of Texas.

Lack's case in the Northern District of Illinois proceeded through discovery. During that time, the parties took fact and expert discovery and Lack, along with his co-plaintiffs, moved for class certification on October 13, 2017. Before that motion was fully briefed, Mizuho renewed an earlier request that the Illinois court dismiss Lack's claim for lack of personal jurisdiction in light of the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Supreme Court of California, San Francisco County*, 137 S. Ct. 1773 (2017) (holding that the court could not assert personal jurisdiction because the complaint failed to assert a "connection between the forum and the specific claims at issue."). The Illinois court granted Mizuho's motion, and Lack was dismissed from the *Greene* matter on December 11, 2017. *See Greene*, 14-cv-1437, dkt. 312 (N.D. Ill. Dec. 11, 2017).[1] Lack then filed this case against Mizuho and Mr. Karpeles on January 24, 2018.

On June 22, 2018, the Tokyo District Court converted the Mt. Gox Japanese bankruptcy proceeding to new civil rehabilitation proceedings, in part because the Mt. Gox estate had sufficient assets (after the sale of a portion of its bitcoin) to pay in full the claims of Mt. Gox users who lost money or bitcoin when Mt. Gox collapsed, including Lack and members of the putative class alleged here. *See* Report under Paragraph 1 of Article 125 of the Civil Rehabilitation Act, Resetarits Decl., Ex. 1 at p. 2; *see also* Docket Entry 66. Although the trustee originally announced that all claims would be processed by January 24, 2019, he recently published a revised schedule committing to approve or deny all claims by March 15,

[1] The Illinois court subsequently denied the remaining plaintiff's motion for class certification and the case was dismissed as to Mizuho.

2019, and submit a proposed rehabilitation plan (providing for any modifications to rights of civil rehabilitation creditors and a payment plan, among other things) on April 26, 2019. *See* Announcement of Order to Change Schedule for Rehabilitation Proceedings, Resetarits Decl., Ex. 2 at p. 1.

On October 15, 2018, this Court set a schedule establishing a discovery cut-off in this case of March 27, 2019, and a motion cut-off of April 10, 2019. Docket Entry 67. The Court also set a jury trial for June 25, 2019.

On January 9, 2019, the Court, granting Plaintiff's Third Application for An Extension of Time to File Proof of Service on Mr. Karpeles, extended Lack's time to serve Mr. Karpeles to April 4, 2019. Docket Entry 77. In the *Greene* case in Illinois, the plaintiffs' counsel (the same counsel representing Lack in this case) has successfully served Mr. Karpeles, and Mr. Karpeles has entered an appearance and filed a motion to dismiss.

## III. THE COURT SHOULD GRANT A BRIEF STAY OF THIS ACTION PENDING THE SUBMISSION OF THE PROPOSED REHABILITATION PLAN

The Court may stay proceedings in accordance with its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In exercising its discretion to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *Doerken v. USAA Sav. Bank*, No. CV 16-08824-RSWL-MRW, 2017 WL 1534186, at *2 (C.D. Cal. Apr. 26, 2017) (citing *Lockyer v. Mirant Corp.*, 398

F.3d 1098, 1110 (9th Cir. 2005)). Among these competing interests, courts consider (1) the potential prejudice or damage that may result to the non-moving party, (2) the hardship or inequity to the moving party if the action is not stayed and is required to go forward, and (3) the judicial resources that would be saved by simplifying the case or avoiding duplicative litigation if the case before the Court is stayed. *Kingdom of Sweden v. Melius*, No. CV1404492RSWL (Ex), 2015 WL 7574463, at *2 (C.D. Cal. Nov. 25, 2015) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Here, all three factors support the brief stay requested by Mizuho.

**A. Granting The Stay Will Not Prejudice Plaintiff**

First, Lack will suffer no unfair prejudice if the Court grants the requested stay pending the submission of a proposed rehabilitation plan, through which Lack may receive a full recovery for any loss associated with the collapse of Mt. Gox. A brief stay would deprive Lack of no rights related to this action. Further, there is no potential harm related to preservation of evidence because fact discovery is complete, with the exception of discovery relating to Lack's recent communications with the trustee, any discovery that will be needed after Lack recovers from the trustee, and discovery of Mr. Karpeles when he appears. Indeed, in the parties' jointly filed Rule 26(f) Report, Lack acknowledged that a "brief stay should not materially affect the expeditious resolution of this matter because, as discussed below, discovery is already largely, if not totally, complete." Docket Entry 66.

The only conceivable basis on which Lack could claim to suffer any harm from the brief stay requested by Mizuho is that, in the unlikely event that he was not made whole by the distribution of funds from the Mt. Gox estate, Lack might experience a delay in receiving any money damages awarded in this action. But courts in this district have found that a delay in receiving money damages is not valid grounds for claiming prejudice in objecting to a stay of litigation. *See*

*Doerken*, 2017 WL 1534186, at *2 ("[C]ourts have held that there is no likelihood of damage or harm to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages.").

Because Lack would suffer no harm from a brief stay of this action, the first factor weighs in favor of granting the motion to stay.

**B. Defendants Will Suffer Significant Hardship If A Stay Is Denied**

Second, Mizuho would suffer significant hardship if it were forced to defend against Lack's claims—claims that will likely be satisfied by the distribution of funds from the Mt. Gox estate, which are scheduled to be determined in less than three months. Courts in this district consider the moving party's burden in litigating the case to be a legitimate form of hardship. *See Kingdom of Sweden*, 2015 WL 7574463, at *4. More specifically, courts have found that this factor weighs in favor of granting a stay where "the hardship to Defendant is expense of litigating a case and the potential for an adverse judgment, when Plaintiffs might recover their full losses from another party." *Joint Equity Comm. of Inv'rs of Real Estate Partners Inc. v. Coldwell Banker Real Estate Corp.*, No. SACV100401AGMLGX, 2010 WL 11464784, at *7 (C.D. Cal. Dec. 6, 2010).

That, of course, is the precise hardship faced by Mizuho. On or about April 26, 2019, Lack will learn if he will receive a full recovery for the same losses for which he seeks recovery in this action. But if the Court were to deny this motion and the case were to proceed, Mizuho would be forced to engage in potentially unnecessary motion practice, including motions for summary judgment, which, under the schedule set forth at the October 15, 2018 scheduling conference, are due April 10, 2019, as well as responding to the anticipated class certification motion. Mizuho would also be forced to promptly begin preparation for trial, which is set to begin on June 25, 2019. Because, in continuing to litigate the case, Mizuho would

spend significant time and other resources on potentially unnecessary motions and trial preparation, this factor also weighs heavily in favor of staying the action.

To push forward with a case that is probably moot would be particularly unfair to Mizuho because Lack seeks to represent a class. The rehabilitation proceedings will undoubtedly affect the number of putative class members who were injured, if any, as well as the degree of their potential injury, in addition to raising individualized issues such as putative class members' efforts to mitigate any damages through the claim process in Japan. Similarly, if Lack recovers money in the rehabilitation proceedings in Japan and others do not, his recovery will affect his ability and fitness to serve as a class representative. Yet under the current schedule, discovery will come to a close just a few days after the claims are approved and before the rehabilitation plan is finalized. This is clearly untenable and unfair.

Moreover, as described above, Mizuho has bent over backwards to allow Lack to continue to pursue this litigation if the Japanese rehabilitation proceedings do not make him whole, by offering both a tolling agreement and an agreement not to re-litigate issues already resolved on the motion to dismiss in return for a dismissal without prejudice until the trustee rules. *See* Resetarits Decl. ¶ 2. Lack rejected this equitable and reasonable solution. *Id.*

### C. A Temporary Stay Would Conserve Judicial Resources By Avoiding Unnecessary Litigation and Motion Practice

Third, judicial economy weighs heavily in favor of a stay. In granting motions to stay, courts in this district have found that "the interests of justice are served by waiting to see if Plaintiffs will recover the full value of their losses, before the Court moves forward with this litigation." *Joint Equity Comm.*, 2010 WL 11464784, at *7. Again, that is precisely the case here. In less than three months, Lack will learn whether he will recover his full losses from the Mt. Gox civil

rehabilitation proceedings. It would waste the Court's resources to determine the merits of this case when a separate proceeding may obviate Lack's entire claim.

Further, courts have granted motions to stay where, as here, granting a stay may simplify the issues in this case and conserve resources both for the parties and the Court. *Doerken*, 2017 WL 1534186, at *3. As noted above, the Court recently granted Lack's request for an extension of time to serve Defendant Mark Karpeles until April 4, 2019. In contrast to the other parties, Mr. Karpeles has not been subject to discovery, and it is expected that both Mizuho and Lack would seek to depose him. Currently, however, the discovery cut-off date is March 27, 2019, meaning that the parties would likely need to move to reopen discovery after Lack serves Mr. Karpeles. And, as he did in the related litigation in Illinois, Mr. Karpeles, who does not reside in the United States, may file a motion to dismiss for lack of personal jurisdiction. If Lack receives full recovery through the Mt. Gox civil rehabilitation proceedings, however, the Court's resources would have been wasted on addressing these and other issues like class certification. For these reasons, the third factor also weighs heavily in favor of granting a stay.

## IV.  CONCLUSION

For the foregoing reasons, Mizuho respectfully requests a brief stay of all proceedings in this action pending the submission of the proposed rehabilitation plan. A proposed order setting a schedule for reporting to the Court on the rehabilitation proceedings and resuming the action, if appropriate, is attached.

Dated: February 4, 2019           SHEARMAN & STERLING LLP

By:     */s/ John F. Cove, Jr.*
             John F. Cove, Jr.

*Attorneys for Defendant Mizuho Bank, Ltd.*