RAFEY S. BALABANIAN (SBN – 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN – 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JOSEPH LACK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual,<br><br>*Defendants*. | Case No. 2:18-cv-00617-RGK<br><br>**PLAINTIFF'S MOTION TO APPROVE ALTERNATIVE SERVICE ON DEFENDANT MARK KARPELES**<br><br>Judge: Hon. R. Gary Klausner<br>Date:<br>Time: 9:00 a.m.<br>Place: Courtroom 850 |

# INTRODUCTION

As the Court is aware, Plaintiff has been attempting to serve Defendant Mark Karpeles—a French citizen living in Japan—for months. After securing a recent mailing address for Mr. Karpeles via a Court-authorized subpoena, Plaintiff sent translated versions of case documents to the Japanese government who, in turn, attempted to serve Mr. Karpeles at his home address under the procedures set out by The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters. But on January 29, 2019 (via letter dated January 24, 2019), Plaintiff received word that these attempts at service were not successful. While disappointing, this outcome is not altogether unsurprising: Mr. Karpeles also managed to avoid formal Hague Convention service in *Greene, et al. v. Karpeles, et al.*, No. 1:14-cv-01437 (N.D. Ill.), back when Mr. Lack was still a representative plaintiff in that matter. Therefore, and as he did in *Greene*, Plaintiff Lack now respectfully asks that the Court authorize alternative service under Federal Rule of Civil Procedure 4(f)(3), including by email and through Karpeles's U.S.-based attorneys.

# BACKGROUND

## *The Greene Litigation*

The *Greene* case was filed on February 27, 2014, only days after the collapse of the Mt. Gox Exchange. (*See Greene v. Karpeles, et al.*, No. 1:14-cv-01437 ["*Greene*"], Dkt. 1.) Like this matter, the plaintiffs in *Greene*—all of whom lost bitcoin or fiat currency when Mt. Gox suddenly went dark—assert counts for fraud and negligence against Mark Karpeles. (*Greene* Dkt. 1, ¶¶ 44-77.) Mr. Lack joined the *Greene* litigation as a putative class representative via an amended complaint filed on March 14, 2014. (*Greene* Dkt. 36.)

Over the course of several months, the *Greene* plaintiffs attempted to serve Mr. Karpeles (who, like now, was living in Japan) via several avenues, including through (i) registered agents based in the United States, (ii) the procedures set out in the Hague

Convention, (iii) email, and (iv) international mail.[1] (*Greene* Dkt. 83.) In the meantime, Karpeles appeared through counsel in *Greene* for the purpose of opposing jurisdiction and service. (*Greene* Dkts. 51-53.) Following this appearance, the *Greene* plaintiffs requested that, pursuant to Federal Rule 4(f)(3), the court approve alternative service on Mr. Karpeles via his retained counsel. (*Greene* Dkt. 54) The motion was entered and continued, and the case against Mark Karpeles was stayed while other parties attempted to effectuate a class settlement. (*Greene* Dkt. 94.) In the meantime, Karpeles's lawyers sought leave to withdraw their appearances because their client had stopped paying. (*Greene* Dkt. 121, ¶¶ 2, 4.) But in light of the pending motion for alternative service, Judge Feinerman first instructed the *Greene* plaintiffs to send copies of case materials to Karpeles's attorneys. (*Greene* Dkt. 128.) Following that transmission, Karpeles's lawyers withdrew from the case. (*Greene* Dkt. 129.)

By the time the stay against Mark Karpeles was lifted, the *Greene* plaintiffs learned that their attempts at service through the Hague Convention were unsuccessful. (*Greene* Dkt. 232-1, ¶¶ 3-4.) As such, they renewed their motion for alternative service via Karpeles's former counsel. (*Greene* Dkt. 232.) That motion was granted on September 21, 2016. (*Greene* Dkt. 235.)

On August 10, 2018, the *Greene* plaintiffs moved for entry of default against Mark Karpeles.[2] (*Greene* Dkt. 386.) That action prompted Mr. Karpeles to again appear through counsel, this time through attorneys at Pedersen & Houpt. (*Greene* Dkts 388, 389) Mr. Karpeles then opposed an entry of default and moved for dismissal under

---

[1] Article 10(a) of the Hague Convention allows parties to send judicial document "by postal channels, directly to persons abroad" unless a signatory country specifically objects to such communications. (Convention Done at the Hague Nov. 15, 1965, Feb. 20, 1969, 20 U.S.T. 361.) On December 21, 2018, the Japanese government indicated that it opposes Article 10(a).

[2] Mr. Lack was dismissed from the *Greene* litigation on December 11, 2017 on personal jurisdiction grounds, following the Supreme Court's recent opinion in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773 (2017). *Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870, 877 (N.D. Ill. 2017).

Federal Rule 12(b)(1). (*Greene* Dkt. 390.) After briefing the motion to dismiss, Judge Feinerman indicated that Mr. Karpeles's motion would be denied and instructed the parties to submit a proposed case schedule. (*Greene* Dkt. 401.) The parties in *Greene* conferred as instructed and, after Ms. Brennan confirmed that she had followed up with Mr. Karpeles, they filed a jointly-proposed schedule on January 31, 2019. (*Greene* Dkt. 402; Lawson Decl. ¶ 4, attached hereto as Exhibit 1.)

*Lack's Attempts at Service in this Case*

Following his dismissal from the Northern District of Illinois litigation, Lack filed this case on January 24, 2018, where he again asserted claims for fraud and negligence against Mr. Karpeles. (Dkt. 1.) The complaint and other initiating documents from this case were sent to Mark Karpeles's personal email account (magicaltux@gmail.com),[3] an address he used to communicate with Lack's attorneys over the course of the *Greene* case, and by email and USPS certified mail to his former attorneys in *Greene*. (Lawson Decl. ¶ 5); *see also In re: Mt. Gox Bitcoin Exchange Litig.*, MDL 2829, Dkt. 1-3.) And after securing a last-known mailing address through a Court-approved subpoena, (Dkts. 45; 53; 60-1, ¶¶ 4-5), Plaintiff Lack initiated the process of serving Mark Karpeles through the Hague Convention procedures, (Dkt. 60-1, ¶ 5.)

On January 29, 2019, the Japanese government informed Plaintiff that that their attempts to serve Mr. Karpeles were—as was the case in *Greene*—unsuccessful. (Lawson Decl. ¶ 6.)

## ARGUMENT

Under Federal Rule of Civil Procedure 4(f), a plaintiff may serve an individual residing in a foreign country "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention

---

[3] Over the course of the *Greene* litigation, Mr. Karpeles used this email account to communicate directly with attorneys at Edelson PC, for the purpose of assisting in the prosecution of the their claims against Mizuho Bank. (Lawson Decl. ¶ 5.) Over the course of these communications, counsel at Edelson PC continually ensured that Karpeles was not represented by counsel. (*Id.*)

on the Service Abroad of Judicial and Extrajudicial Documents" or "by other means not prohibited by international agreement, as the court orders." "The decision whether to allow alternative methods of service of process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004) (internal quotations and citation omitted). Before approving alternative service, a court "*may* require a showing by the plaintiff that reasonable efforts to serve the defendant have already been made and that the court's intervention will avoid further unduly burdensome or futile attempts at service." *Oh v. Chan*, No. CV0704891DDPAJWX, 2008 WL 11338884, at *2 (C.D. Cal. Sept. 16, 2008) (quoting *Williams v. Advertising Sex LLC*, 231 F.R.D. 483, 486 (N.D.W. Va. 2005)) (emphasis in original). That said, the use of alternative means "is neither a 'last resort' nor 'extraordinary relief[.]'" *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). Ultimately, a court may approve service in any manner consistent with due process and not prohibited by the Hague Convention. *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *3 (S.D. Cal. Jan. 17, 2019) (citing *Rio Props.*, 284 F.3d at 1016).

Under the circumstances at issue here, the Court should approve service on Defendant Karpeles via email to his personal account at magicaltux@gmail.com and via the attorneys presently representing him in *Greene*. Plaintiff has already made reasonable efforts to serve Mark Karpeles in this case via conventional means. And the proposed methods of service here—i.e., via email and delivery to his local counsel in *Greene*—are not prohibited by the Hague Convention and readily satisfy due process.

I.  **PLAINTIFF HAS MADE REASONABLE EFFORTS TO SERVE MR. KARPELES PURSUANT TO RULE 4(f)(3).**

As an initial matter, Plaintiff has diligently attempted to serve Mr. Karpeles pursuant to Federal Rule of Civil Procedure 4(f)(1) by following the procedures set out in the Hague Convention. To ensure the best chance at successful service, Plaintiff first secured—with the Court's permission—a "last known" mailing address for Defendant via

a subpoena sent to Mr. Karpeles's U.S.-based employer. (Dkt. 53.) Immediately after receiving the requested information, Lack translated all relevant case documents and submitted those and other materials to Japan's Central Authority in the Ministry of Foreign Affairs in August of 2018. See *Japan – Central Authority & practical information*, HAGUE CONFERENCE ON PRIVATE INT'L LAW, https://www.hcch.net/en/states/authorities/details3/?aid=261. (*See also* Dkt. 60-1, ¶¶ 4-5.) This attempt at service was reasonable, given that it complied with Federal Rule of Civil Procedure 4(f)(1), and timely, given that the 90-day deadline in Rule 4(m) does not apply to service of process in a foreign country. And while Plaintiff could conceivably attempt this process again (i.e., in addition to the efforts made both here and previously in *Greene*), there's no reason to believe it would result in anything other than more wasted time and effort.

Beyond these efforts, and to further ensure that Mr. Karpeles was aware of the claims against him in this litigation, counsel for Plaintiff additionally: (i) sent copies of the complaint and summons to Mr. Karpeles via email to his personal email address (which Mr. Karpeles had used to communicate with Plaintiff's attorneys at Edelson PC), (ii) sent copies of the complaint and summons via certified mail to Mr. Karpeles's former attorneys in *Greene*, (MDL No. 2829, Dkts 1-3, 1-4), and (iii) attempted to deliver copies of the complaint and summons to Mr. Karpeles through his current counsel in *Greene*, who, at the time, refused to pass service copies to her client (Lawson Decl. ¶ 7).

**II. THE PROPOSED METHODS OF SERVICE HERE ARE NOT PROHIBITED BY THE HAGUE CONVENTION.**

Next, the proposed methods of service here—email and delivery to a foreign defendant's local attorneys—are not prohibited by the Hague Convention. "[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies . . . even in cases involving countries that, like [Japan], have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL

2607158, at *12 (N.D. Cal. July 1, 2011) (citing *In re LDK Solar Secs. Litig.*, No. C 07–05182 WHA, 2008 WL 2415186, at *3 (N.D. Cal. June 12, 2008); *Williams–Sonoma Inc. v. Friendfinder Inc.*, No. C 06–06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr.17, 2007)). Acceptable methods of alternative service include email, even for countries (like Japan) that object to a foreign party's sending of judicial documents through "postal channels." *See*, *e.g.*, *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-CV-00297-BAS-BGS, 2019 WL 246562, at *2 (S.D. Cal. Jan. 17, 2019) (approving alternative service via email and service upon local counsel for defendants located in China, which objects to Hague Convention Article 10(a)); *see also SEC v. China Sky One Med., Inc.*, No. CV1207543MWFMANX, 2013 WL 12314508, at *2 (C.D. Cal. Aug. 20, 2013) ("[N]umerous courts have held that service by e-mail does not violate the Hague Convention, even when the destination country has objected to service through postal channels under Article 10."). Service on a foreign defendant's local counsel also is acceptable. *See*, *e.g.*, *Fourte Int'l*, 2019 WL 246562, at *2. *Accord Rio Props.*, 284 F.3d at 1017.

## III. THE PROPOSED METHODS OF SERVICE ALSO COMPORT WITH DUE PROCESS.

Finally, the proposed alternative service also comports with due process. To satisfy this requirement, a method of service "must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Rio Props.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). Email addresses can satisfy this requirement, particularly where a defendant holds an email address out as a preferred method of contact. *See*, *e.g.*, *D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015). *Accord Rio Props.,* 284 F.3d at 1017 (affirming propriety of service of process by email, and noting that, under the facts of the case, "it was the method of service most likely to reach [the defendant]."). Service through a defendant's local counsel can also satisfy this

requirement, even where such counsel has "disavowed that [she] was authorized to accept service of any complaint" related to the dispute in question. *Hawkins v. Bank of Am., N.A.*, No. 17-CV-01954-BAS-AGS, 2018 WL 1616941, at *4 (S.D. Cal. Apr. 4, 2018) (approving alternative service through local counsel on showing that the defendant "was in contact with [the defendant][.]") (citing collected cases). *Accord Rio Props.*, 284 F.3d at 1017 (affirming that ordered service on defendant's local counsel was "constitutionally acceptable" because such counsel "knew of [defendant's] legal positions, and it seems clear that he was in contact with [defendant] in Costa Rica").

Here, service via email or his local counsel will apprise Mr. Karpeles of the claims asserted against him in this case. In terms of email, Mr. Karpeles has repeatedly used the "magicaltux@gmail.com" email address to communicate directly with attorneys at Edelson PC (i.e., during their representation of Mr. Lack during his tenure as a representative plaitniff in *Greene*), and frequently provides that email address to others when communicating about business, questions, or complaints relating to the failed Mt. Gox Exchange. (Lawson Decl. ¶ 5.) And in terms of service upon Karpeles's counsel in *Greene*, there's no question that those attorneys are presently in contact with Mr. Karpeles in Japan—in fact, they recently confirmed their client's approval of a case management statement that was filed in that case on January 31, 2019. (*Id.* ¶ 4.) Moreover, the claims asserted against Karpeles in *Greene* are essentially identical to those asserted here, which should provide additional confidence that, following the transmission of case documents, Mr. Karpeles is readily apprised of the nature and scope of these proceedings. *See United States v. Lebanese Canadian Bank SAL*, 285 F.R.D. 262, 266-67 (S.D.N.Y. 2012) (approving service on local counsel when counsel had appeared to contest similar allegations in a different case).

## CONCLUSION

Mark Karpeles has known about these claims since they were filed five years ago in the Northern District of Illinois and he undoubtedly has notice of this case as well. Presently, because Plaintiff has made reasonable efforts to serve Karpeles through the

Hague Convention and service via email and through his local counsel will apprise him of the case, his motion to approve alternative service on Mark Karpeles should be granted.

Respectfully submitted,
**JOSEPH LACK**, individually and on behalf of all others similarly situated,

Dated: February 5, 2019

By: /s/ J. Aaron Lawson
One of Plaintiff's Attorneys

RAFEY S. BALABANIAN (SBN – 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN – 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff and the Putative Classes*