UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Plaintiff's Motion for Class Certification (DE 86)

## I.  INTRODUCTION

On January 24, 2018, Joseph Lack ("Plaintiff") filed a putative class action Complaint on behalf of himself and others similarly situated against Mizuho Bank, Ltd. ("Mizuho") and Mark Karpeles ("Karpeles"). In the Complaint, Plaintiff alleges claims arising out of the 2014 collapse of the Mt. Gox Bitcoin exchange ("Mt. Gox"). On June 19, 2018, the Court dismissed Plaintiff's claim against Mizuho for unjust enrichment. Plaintiff's remaining claim against Mizuho alleges fraudulent concealment under California common law. Additionally, Plaintiff alleges negligence and fraud against Karpeles.

Presently before the Court is Plaintiff's Motion for Class Certification under Federal Rule of Civil Procedure ("Rule") 23. For the following reasons, the Court **DENIES** the Motion.

## II.  FACTUAL BACKGROUND

In the Complaint, Plaintiff alleges the following:

In 2009, Karpeles founded Mt. Gox, which claimed to be the "world's most established Bitcoin exchange." (Compl. ¶ 10, ECF No. 1.) Bitcoins are a digital cryptocurrency which users can purchase and store in a virtual "vault," where they are kept until the users wish to withdraw them. A Bitcoin exchange, like Mt. Gox, is a forum where Bitcoins can be bought and sold.

Beginning in 2012, Mizuho, a financial institution also located in Tokyo, partnered with Mt. Gox to allow Mt. Gox users to deposit government-issued currency ("fiat currency" or "cash") into their Mt. Gox accounts. To make purchases or trades, Mt. Gox users could (1) transfer Bitcoins directly into their Mt. Gox accounts from their virtual vaults, or (2) deposit funds into their Mt. Gox accounts by wiring fiat currency to Mizuho, who would then transfer the funds into an account it held on Mt. Gox's behalf. Once the funds arrived in Mt. Gox's Mizuho account, Mt. Gox would post a credit to the user's Mt. Gox exchange account and the user could begin to purchase and trade Bitcoin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

If the user later decided to withdraw cash from the Mt. Gox exchange, he or she would first submit a request through his or her Mt. Gox exchange account. Mt. Gox would then compile all withdrawal requests and send them to Mizuho to process. Finally, Mizuho would process the requests, withdraw the funds from Mt. Gox's Mizuho account, and deposit the fiat currency into each user's bank account via wire transfer.

In or around 2013, Mizuho became concerned by Mt. Gox's growing transaction volumes as well as reports that U.S. authorities were investigating Mt. Gox for money laundering. As such, Mizuho sought to distance itself from Mt. Gox and end its business relationship with the exchange. But to avoid reputational harm and regulatory scrutiny, Mizuho wanted Mt. Gox to terminate the relationship. When Karpeles refused to close Mt. Gox's Mizuho account, Mizuho sharply limited and then ultimately stopped processing international withdrawals from the account. Mizuho continued, however, to accept international deposits into the Mt. Gox account. This new policy was deliberately kept secret from Mt. Gox users and the public at large.

After Mizuho instituted this new policy, Mt. Gox relied on other banking partners, including Japan Post Bank, to process users' international withdrawals. However, users quickly began to report significant delays in withdrawing fiat currency from their Mt. Gox accounts. Between June 20, 2013 and February 7, 2014, Mt. Gox posted several statements on its website acknowledging users' concerns over withdrawal delays and representing that the delays were temporary and were caused by the rising popularity of Bitcoin. During the same time period, some news outlets reported Mt. Gox's withdrawal backlog. The news articles and statements by Mt. Gox never mentioned that Mizuho stopped processing users' international withdrawals.

In January 2014, Plaintiff, a resident of California, joined Mt. Gox. Upon joining, Plaintiff wired $40,000 from his local Wells Fargo branch in California to Mt. Gox's Mizuho account. Shortly thereafter, Karpeles halted Mt. Gox users' ability to withdraw Bitcoin from the exchange, and on February 24, 2014, the Mt. Gox website "went dark." Plaintiff waited for his $40,000 deposit to appear in his Mt. Gox account, but it never appeared. He then visited Wells Fargo and attempted to recall the wire transfer, but his efforts were to no avail. Apparently, although Mizuho had successfully posted Plaintiff's deposit to Mt. Gox's Mizuho account, Mt. Gox did not update Plaintiff's exchange account to reflect his deposit before Mt. Gox became inactive. To this day, Plaintiff has never managed to withdraw or access his $40,0000 deposit.

Accordingly, Plaintiff brings this putative class action against Karpeles and Mizuho.[1]  Plaintiff alleges that he and other Mt. Gox investors lost Bitcoin and fiat currency as a result of Karpeles' negligence and fraudulent acts. In addition, Plaintiff alleges that Mizuho concealed a material fact from him and other consumers—namely, that Mizuho had stopped processing withdrawals of fiat currency

---

[1] Plaintiff was previously dismissed from a similar action in the Northern District of Illinois for want of personal jurisdiction. *See Greene v. Mizuho Bank, Ltd.*, 289 F. Supp. 3d 870 (N.D. Ill. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

from Mt. Gox's Mizuho account. As a result, Plaintiff contends that Mizuho is responsible for his lost deposit and other consumers' losses on the Mt. Gox exchange because, had those consumers known that Mizuho was no longer processing withdrawals, they would not have invested in Bitcoin via the Mt. Gox exchange.

Plaintiff seeks to ultimately certify two classes: (1) the Mt. Gox Class, encompassing all U.S. consumers who had Bitcoins or fiat currency stored with Mt. Gox on the day the exchange went dark, and (2) the Deposit Subclass, encompassing all members of the Mt. Gox Class who made a deposit to Mizuho's Mt. Gox account after Mizuho stopped processing withdrawals. (Compl. ¶ 56.) However, Plaintiff seeks to certify only the Deposit Subclass in the instant Motion.[2] The Deposit Subclass is defined as follows: "All California residents who wired money to Mt. Gox KK's bank account at Mizuho Bank, Ltd., between June 20, 2013 and February 24, 2014." (Pl.'s Mot. for Class Certification 1, ECF No. 86.)

### III.   JUDICIAL STANDARD

To certify a class action, the plaintiff bears the burden of demonstrating that the requirements of Rule 23 are met. *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). Plaintiff must show that the class satisfies all of Rule 23(a)'s prerequisites and at least one of the conditions set out in Rule 23(b). Fed. R. Civ. P. 23(a)–(b). Rule 23(a) requires that: (1) "the class is so numerous that joinder of all members is impracticable" (numerosity); (2) "there are questions of law or fact common to the class" (commonality); (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality); and (4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy of representation). Fed. R. Civ. P. 23(a).

In addition to satisfying Rule 23(a), the proposed class must fall within one of the subdivisions of Rule 23(b). Rule 23(b) has three prongs, any one of which can be used to certify a class: (1) the prosecution of separate actions would create a risk of either (A) inconsistent or varying adjudications, or (B) individual adjudications dispositive of the interests of other members not a party to those adjudications; (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class; or (3) questions of law or fact common to class members predominate over any questions individually affecting members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(1)–(3).

"[P]laintiffs wishing to proceed through a class action must actually *prove*—not simply *plead*— that their proposed class satisfies each requirement of Fed. R. Civ. P. 23." *Halliburton Co. v. Erica P.*

---

[2] Plaintiff at present seeks only to certify the Deposit Subclass. At the time of filing the instant Motion, Plaintiff had not yet effected service on Karpeles. As a result, the 90-day time period to file a motion for class certification after service, as provided by Local Rule 23-3, had not yet begun to run. *See* C.D. Cal. L.R. 23-3. Karpeles was subject to dismissal for lack of prosecution. However, on April 11, 2019, the Court granted Plaintiff's Ex Parte Motion to Approve Alternative Service on Karpeles. Plaintiff subsequently served Karpeles by e-mail on April 17, 2019. (Decl. of J. Aaron Lawson, ECF No. 106.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

*John Fund, Inc.*, 573 U.S. 258, 275 (2014) (emphasis added). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis," that the plaintiff has met Rule 23's requirements. *Comcast Corp. v. Behrend*, 569 U.S. 27, 27 (2013). Since there is often considerable overlap between the class certification analysis and the merits, courts deciding class certification must sometimes peek behind the curtain to analyze how the merits will ultimately be proven, and to assess whether the plaintiff can prove those merits on a classwide basis. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011).

**I.      DISCUSSION**

Presently before the Court is Plaintiff's Motion to Certify the Deposit Subclass. (Pl.'s Mot. for Class Certification 1.) *See* Fed. R. Civ. Proc. 23(c)(5). As discussed above, Plaintiff must satisfy the requirements of Rule 23(a) and the requirements of at least one prong of Rule 23(b). Of the three prongs available under Rule 23(b), Plaintiff only seeks certification under Rule 23(b)(3). Because the Court finds that Plaintiff has failed to satisfy Rule 23(b)(3)'s requirements, Plaintiff's Motion fails on this ground alone. The Court therefore does not need to address whether Plaintiff has satisfied Rule 23(a)'s requirements.

   **A.      Rule 23(b)(3)**

To qualify for certification under Rule 23(b)(3), a plaintiff must show: (1) that "questions of law or fact common to class members predominate over any questions affecting only individual members" (predominance); and (2) "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (superiority). Fed. R. Civ. P. 23(b)(3). The predominance requirement is satisfied "[w]hen common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (citation omitted). The superiority inquiry requires a court to consider: (1) class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)–(D).

      1.      *Predominance*

"Considering whether 'questions of law or fact common to class members predominate' begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011). To prevail in his fraudulent concealment claim against Mizuho, Plaintiff must prove five elements: (1) that Mizuho concealed or omitted a material fact from Plaintiff and class members ("materiality"); (2) that Mizuho had a duty to disclose the fact to Plaintiff and class members; (3) that Mizuho intended to defraud Plaintiff and class members by intentionally concealing the fact; (4) that Plaintiff and class members were unaware of the fact and would not have acted as they did if they had known the concealed fact ("reliance"); and (5) Plaintiff and class members sustained damages as a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

result of Mizuho concealing the fact ("causation"). *See Hambrick v. Healthcare Partners Med. Grp., Inc.*, 238 Cal. App. 4th 124, 162 (2015). Because establishing the elements of Plaintiff's claim will require individual inquiries as to materiality, reliance, and causation, the Court finds that common questions do not predominate over individual ones.

        a.     *Material Omission*

For the first element of his claim, Plaintiff must show that Mizuho's decision to stop processing withdrawals is a material fact. "A misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment." *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 668 (1993) (citation omitted). In the context of a consumer fraud case, an omission is material if a reasonable consumer "would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question." *Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1022 (9th Cir. 2011) (quoting *Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157 (2010)). Materiality is ordinarily a question of fact for the jury. *See id.* However, at the class certification stage, "if the issue of materiality . . . is a matter that would vary from consumer to consumer, the issue is not subject to common proof, and the action is properly not certified as a class action." *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129 (2009) (citing *Caro*, 18 Cal. App. 4th at 668).

In its Opposition to Plaintiff's Motion, Mizuho presents expert evidence suggesting that the materiality of Mizuho's disclosure would vary from consumer to consumer. Mizuho's expert points to news reports and public disclosures made by Mt. Gox during the class period announcing that temporary suspensions or backlogs of withdrawals were causing delays to users. (Def.'s Opp'n to Pl.'s Mot. for Class Certification 15, ECF No. 90.) "In light of the volume of public information about the delays Mt. Gox users were experiencing," Mizuho's expert concludes, "it is likely that different Proposed Class members would have had different views as to whether the additional information that Mizuho Bank had stopped accepting withdrawal requests from Mt. Gox's account is material." (Def.'s Opp'n to Pl.'s Mot. for Class Certification Ex. 25 ¶ 10(iv)(b), ECF No. 90-26.)

Plaintiff contends that materiality will not vary among class members because the jury will determine materiality as to the entire class by applying the objective "reasonable consumer" standard. However, while proving materiality is not required at the class certification stage, *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 459 (2013), "plaintiffs must offer some means of proving materiality . . . by a reasonable consumer on a classwide basis in order to certify a class." *Kosta v. Del Monte Foods, Inc.*, 308 F.R.D. 217, 225 (N.D. Cal. 2015). Accordingly, courts may deny certification when a plaintiff has not shown that materiality will be provable classwide at trial. *See, e.g., id.*; *Cormier v. Carrier Corp.*, No. 218CV07030CASEX, 2019 WL 1398903, at *13–14 (C.D. Cal. Mar. 25, 2019); *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1043–44 (C.D. Cal. 2018); *In re 5-Hour Energy Mktg. & Sales Practices Litig.*, No. ML132438PSGPLAX, 2017 WL 2559615, at *6–9 (C.D. Cal. June 7, 2017); *Philips v. Ford Motor Co.*, No. 14CV02989LHK, 2016 WL 7428810, at *15–16 (N.D. Cal. Dec. 22, 2016), *aff'd*, 726 F. App'x 608 (9th Cir. 2018); *Jones v. ConAgra Foods, Inc.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

C1201633CRB, 2014 WL 2702726, at *16–19 (N.D. Cal. June 13, 2014).

Here, the Court finds that Plaintiff has failed to show that materiality will be provable classwide at trial. Plaintiff avers that Mizuho's omission was material because: (1) even if Plaintiff and putative class members had read about withdrawal delays, they did not know that Mizuho had completely stopped processing withdrawals for Mt. Gox, and (2) had they known that Mizuho had stopped processing withdrawals, they would not have perceived Mt. Gox to be secure and reliable and, therefore, would never have deposited funds to Mt. Gox. (*See* Pl.'s Reply to Def.'s Opp'n to Pl.'s Mot. for Class Certification 2:17–18, ECF No. 99.) Plaintiff points to his own testimony that security and reliability were "the biggest factors" in his decision to use Mt. Gox and, had he known Mizuho had stopped processing withdrawals, that fact would have changed Plaintiff's opinion about Mt. Gox's security and reliability. (Pl.'s Mot. for Class Certification Ex. 20, at 164–165, ECF No. 86-21.) However, Plaintiff does not offer any "means" for a jury to determine that a reasonable consumer would feel similarly— that is, a reasonable consumer would have read about Mt. Gox's banking woes; would still have perceived Mt. Gox as reliable and secure despite the withdrawal delays; would have chosen Mt. Gox primarily based on its perceived reliability and security; would no longer have perceived Mt. Gox to be reliable and secure if he or she had known that Mizuho stopped processing withdrawals; and therefore would not have deposited funds to Mt. Gox. *See Kosta*, 308 F.R.D. at 225.

Moreover, Plaintiff's own Motion raises doubts as to his ability to prove materiality classwide under the above theory. In his Motion, Plaintiff cites to an article that quotes an industry professional who posits that Mt. Gox's withdrawal delays were due to "the fact that [Mt. Gox] must cooperate with a banking system that's suspicious of [B]itcoin." Daniel Cawrey, *Withdrawals from Mt. Gox: Growing Pains or Banking Bottleneck?*, CoinDesk (Aug. 12, 2013, 12:43 UTC), https://www.coindesk.com/withdrawals-from-mt-gox-growing-pains-or-banking-bottleneck. (*See* Pl.'s Mot. for Class Certification 7:20–27.) A consumer who is aware that Mt. Gox withdrawals are delayed because banks are suspicious of Bitcoin exchanges, and chooses to invest in Mt. Gox regardless, would likely find Mizuho's decision less material than a consumer who is altogether unaware of delays or banks' suspicions of Bitcoin.

The Court thus finds that the question of whether Mizuho's omission is material could vary among putative class members, and Plaintiff has not offered any means by which a jury could determine materiality classwide. Because "the issue of materiality . . . would vary from consumer to consumer," Plaintiff has not demonstrated that materiality is "subject to common proof." *In re Vioxx Class Cases*, 180 Cal. App. 4th at 129 (citing *Caro*, 18 Cal. App. 4th at 668). Accordingly, the Court finds that individual questions will predominate the materiality inquiry.

        b.     *Actual reliance and causation*

Similarly, the Court finds that individual questions will predominate the reliance and causation inquiries. Actual reliance is an essential element for a fraudulent omission claim. *Daniel v. Ford Motor*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

*Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). To prove actual reliance under California law, Plaintiff must show that Mizuho's omission (i.e., its failure to disclose that it had stopped processing withdrawals for Mt. Gox) was an immediate cause of Plaintiff's and putative class members' "injury-producing conduct" (i.e., their common decision to use the Mt. Gox exchange to invest in Bitcoin). *Id.* To prove causation, Plaintiff must show "that, had the omitted information been disclosed, [he and putative class members] would have been aware of it and behaved differently." *Id.* (quoting *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993)).

"That one would have behaved differently can be presumed, or at least inferred, when the omission is material." *Id.* (citing *In re Tobacco II Cases*, 46 Cal. 4th 298, 327 (2009)). Thus, in a California class action for fraudulent concealment, if a material omission has been "uniformly made to all members of the proposed class," then a classwide inference as to reliance and causation is appropriate instead of establishing those elements individually. *See Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595–97 (9th Cir. 2012) (quoting *Davis-Miller v. Auto. Club of S. Cal.*, 201 Cal. App. 4th 106, 125 (2011)). However, "[i]f the misrepresentation or omission is not material as to all class members, the issue of reliance 'would vary from consumer to consumer' and the class should not be certified." *Id.* (quoting *In re Vioxx Class Cases*, 180 Cal. App. 4th at 129).

Plaintiff contends that common questions will predominate the reliance and causation inquiries because an inference of those two elements is appropriate here. Plaintiff avers that, because materiality is a question of fact evaluated by an objective "reasonable consumer" standard, *Stearns*, 655 F.3d at 1022, no individual inquiries will be necessary. If the trier of fact determines that Mizuho's omission was material, then reliance and causation will be inferred as to the entire class as well.

By contrast, Mizuho argues that individual questions of reliance and causation will predominate because an inference is not appropriate here. Mizuho contends that establishing actual reliance and causation will require individualized inquiries into class members' motivations for choosing to invest in Bitcoin via the Mt. Gox exchange. For support, Mizuho points to an Illinois district court's order denying class certification in a parallel case: *Greene v. Mizuho Bank, Ltd.*, 327 F.R.D. 190 (N.D. Ill. 2018). There, the plaintiff testified that, had he known Mizuho was not processing withdrawals, he would still have found another way to deposit funds to Mt. Gox. *Id.* at 195. The plaintiff also testified that he never intended to withdraw fiat currency from his Mt. Gox account, but only planned to withdraw Bitcoin to trade on other exchanges. *Id.* at 196. As a result, the *Greene* court found that the plaintiff's testimony "severely undermined his ability to prove injury" resulting from Mizuho's decision to stop processing withdrawals because he "did not rely on the presence of that functionality in deciding to purchase Bitcoin on the Mt. Gox exchange." *Id.* Mizuho contends that *Greene* demonstrates how individualized and fact-specific the reliance and causation elements are in this case.

The Court agrees with Mizuho that individual questions will predominate when establishing these elements. As discussed above, Plaintiff does not proffer sufficient evidence to reassure the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-00617-RGK-GJS | Date | April 30, 2019 |
|---|---|---|---|
| Title | *Joseph Lack v. Mizuho Bank, Ltd., et al* | | |

that materiality is provable classwide. Accordingly, the Court is not persuaded that the reliance and causation inferences apply. *See Mazza*, 666 F.3d at 595–97.

Additionally, Plaintiff has not offered any evidence to show that, in the absence of such an inference, actual reliance and causation are subject to common proof. Instead, there appears to be a great risk that individualized inquiries and defenses regarding reliance and causation will predominate. Plaintiff, here, and the plaintiff in *Greene* demonstrate just two examples of the many possible reasons behind a consumer's choice to deposit funds to Mt. Gox, the information consumers considered in making their choice, and subsequent decisions consumers made or intended to make about their money once it was stored on Mt. Gox. These factors will likely vary among class members, and so individualized inquiries and defenses will likely predominate when establishing the elements of reliance and causation.

Accordingly, the Court finds that Plaintiff has not met the predominance requirement of Rule 23(b)(3).

### VI.     CONCLUSION

Plaintiff has failed to show that common questions will predominate in resolving his claim as a class action. *See* Fed. R. Civ. P. 23(b)(3). Because both predominance and superiority are required under Rule 23(b)(3), the Court need not consider whether Plaintiff has met the second "superiority" requirement. *See id.* Accordingly, the Court finds that Plaintiff has failed to meet his burden under Rule 23(b)(3).

Moreover, because the Court finds that Plaintiffs have failed to satisfy Rule 23(b)(3)'s requirements, Plaintiffs' Motion fails on this ground alone. The Court thus need not address whether Plaintiffs have satisfied Rule 23(a)'s requirements.

For the foregoing reasons, the Court **DENIES** without prejudice Plaintiff's Motion for Class Certification.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____