1    PETER C. BRONSTEIN, ESQ., Cal. State Bar No. 153611
**LAW OFFICES OF PETER C. BRONSTEIN**
2    1999 Avenue of the Stars 11th Floor
Los Angeles, California 90067
3    Telephone: (310) 203-2249
Email Peterbronz@yahoo.com
4

5    Attorney for Defendant Mark Karpeles

6

7               **UNITED STATES DISTRICT COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DISTRICT**

9
                          Case No. 2:18-CV-00617- -RGK-GJS
10
JOSEPH LACK, individually and    )    NOTICE OF MOTION TO DISMISS
11   On behalf of all others similarly situated,  )    MEMORANDUM OF POINTS AND
                               )    AUTHORITIES, DECLARATION OF
12                              )    MARK KARPELES and PETER
                               )    BRONSTEIN
13        Plaintiff                  )
                               )
14        v.                      )    Date: August 5, 2019
                               )    Time 9:00 am
15                              )    Courtroom 850
MIZUHO BANK, LTD., a Japanese    )    Honorable R. Gary Klausner
16   Financial institution, and MARK      )    255 E. Temple Street
KARPELES, an individual        )    Los Angeles, CA 90012
17                              )
       Defendant              )
18  ————————————————————)

19

20

21   TO THE PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

22        Please take notice that on August 5, 2019 at 9:00 am or as soon thereafter as counsel may be

23   heard in Courtroom 850 of the above captioned Court, located at 255 East Temple Street, Los

24   Angeles, CA 90012 Mark Karpeles will move the Court pursuant to 12(b) 6 for a motion to dismiss

25   the Complaint in Courtroom 850.

26        This motion is based upon the Memorandum of Points and Authorities Declarations of Mark

27   Karpeles, and Peter Bronstein, oral argument, and other records and files herein

28

        NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
          DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

1   DATED:        May 6, 2019

2                                            By:  _____

3                                            Peter C. Bronstein Attorney for
                                             Plaintiff Mark Karpeles
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant Mark Karpeles, by and through his undersigned counsel, hereby submits his memorandum in support of his Motion to Dismiss the Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12 (b) (6).

## BACKGROUND[1]

Mt. Gox Bitcoin Exchange ("Mt. Gox") was a bitcoin exchange located in Tokyo, Japan that was formed in 2011 in Tokyo and has an been an active corporation solely in Japan, as described in the Declaration of Mark Karpeles, attached hereto and hereby incorporated by reference as Exhibit A . (MK-DEC. ¶¶ 1 and 2) Users of Mt. Gox could transfer bitcoins directly into their accounts or deposit cash into their accounts by wiring money to Mizuho Bank. (Complaint. ¶ 16.) Those requests were sent to Mizuho Bank in Japan for processing. (*Id.*) In or around mid-2013, Mizuho Bank stopped processing international wire withdrawals for Mt. Gox. (Complaint. ¶ 31.) On February 7, 2014, customers were no longer able to withdraw any form of currency from the Mt. Gox website. (Complaint. ¶ 39.) On February 24, 2014, the Mt. Gox website went offline. (Complaint. ¶ 41.) On February 28, 2014, Mt. Gox filed for bankruptcy protection in Japan. (*Id.*)

Mr. Karpeles has never stepped foot in California nor the United States (MK-DEC. ¶¶ 7). Mt. Gox had over 100 employees in 2013 and early 2014 (MK-DEC. ¶¶ 5). Mr. Karpeles was not engaged in the day to day, accounting, marketing or sales (MK-DEC. ¶¶ 27, 29 and 31) .Mt. Gox never directed any advertising or sales to California or the United States. (MK-DEC. ¶¶ 8) Mt Gox never had an employee, agent or independent contractor in the United States (MK-DEC. ¶¶ 12) Mr. Karpeles never maintained an office in California (MK-DEC. ¶¶ 19). Neither Mt. Gox nor Mr. Karpeles directed any activity toward any domicile or resident of California. (MK-DEC. ¶¶ 43). Mr. Karpeles was unaware of the current lawsuit until April 2019. Discovery has ended, a pretrial

---

[1] The following allegations are taken from Plaintiffs' Fourth Amended Complaint, are included solely for purposes of this motion and should not be deemed an admission of any of them.

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

conference is June 6, 2019 and trial June 26, 2019-essentially preventing Karpeles from preparing a defense if this Court holds it has jurisdiction.    In essence Mt. Gox and Mr. Karpeles never purposely availed themselves of California, nor directed any business activities towards California or their residents.

## STATUTE OF LIMITATIONS
## BARS ALL CLAIMS AND THE COMPLAINT
## MUST BE DISMISSED WITHOUT LEAVE TO AMEND

For a motion to dismiss we presume the allegations in the Complaint are true and correct. In reviewing the Complaint and the timeline in the Complaint in terms mot favorable to Plaintiff, Plaintiff joined Mt. Gox in or around March 27, 2013 (Compl. ¶ 43).In June 2013 Compl. ¶ 25 Mizuho Bank stopped processing international wire withdrawals for Mt. Gox. On February 7, 2014 Defendant Karpeles halted withdrawing based upon a technical difficulty Compl. ¶ 34. On February 24, 2014 Mt. Gox website went dark Compl. ¶ 36 and Mt. Gox filed bankruptcy February 28, 2014 Compl. ¶ 37.

***On March 27, 2018-more than 4 years after Mt. Gox website went dark Plaintiff filed this action.***  The first cause of action against Defendant Mark Karpeles is negligence. This cause of action has a statute of limitations of two (2) years under California law (CCP sec.335 (personal injury), 338(b) and (c) (property). It is clear from the four corners of the Complaint that Mt. Gox website went dark-meaning no one could gain access to the website on February 24, 2014 and that this information was disseminated to the public. Thus the first cause of action must be dismissed with prejudice without leave to amend as Plaintiff waited more than the two (2) year statute of limitation against Mark Karpeles. The second cause of action against Defendant Mark Karpeles is fraud. This cause of action has a statute of limitations of three (3) years under California law (CCP 338 (d). While there is a delayed discovery rule for a fraud cause of action it's the Plaintiffs burden

of proof. As there is nothing in the Complaint and the public was aware in February 2014 there is no basis for the second cause of action for fraud against Defendant Mark Karpeles. Thus the second cause of action must be dismissed with prejudice without leave to amend as Plaintiff waited more than the two (2) year statute of limitation against Mark Karpeles. Both of these causes of action against Mark Karpeles must fail as they are outside the statute of limitation. The Complaint itself only mentions Class Action and no causes of action. The Complaint does not specify any statute or articulate a basis for the Class Action claim against Defendants specifically Mark Karpeles. California law on class actions for securities claims is two (2) years and three (3) years pursuant to Federal statutes. The Federal Statute (28 U.S.C. 1658) says fraud claims must be brought within 4 years. (1658(A) or the **earliest** of two (2) years after discovery or five (5) years. If it's discovered immediately like in our case then there is no five (5) year period to wait and it expired before the action was filed.

On June 26, 2017, the U.S. Supreme Court decided in *California Public Employees' Retirement System* v. *ANZ Securities, Inc.*, 137 S.Ct. 2042, that the class action tolling doctrine established in *American Pipe & Construction Co.* v. *Utah*, 414 U.S. 538 (1974), does not extend to the three-year statute of repose under Section 13 of the Securities Act of 1933 (the "Securities Act"). The Court refused to toll any statute of repose concerning Federal Securities laws. In our case they cannot toll and the time limit is exceeded.

Later, on June 11, 2018, the Supreme Court resolved a circuit split regarding whether the filing of a class action lawsuit tolls the statute of limitations for putative class members to file their own class actions. In *China Agritech, Inc. v. Resh*, 138 S.Ct. 1800 (2018), 584 U.S. ___, 2018 WL 2767565 (June 11, 2018), the Court held that so-called *American Pipe* tolling—which allows a putative class member to file an individual claim upon denial of class certification, even if the statute of limitations would have by that time otherwise run out—does not permit the maintenance

of a follow-on class action past the expiration of the statute of limitations. Again reaffirming the requirement that this Court must follow and dismiss with the case filed more than four years after the events were publicly disseminated.

## THE AMOUNT IN CONTROVERSY OF THE SOLE PLAINTIFF LACK IS $40,000 AND THE CLASS WAS DENIED CERTIFICATION

On this Court denied certification to the class. Plaintiff in the Complaint seeks $40,000 in damages. As the class was not certified and the only Plaintiff has claims less than the jurisdictional amount this Court should require removal to State Court or dismiss the action. When the amount seeking is less than the Court jurisdiction of $75,000 the Court cannot proceed.

## THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT MARK KARPELES

Under Rule 12(b) (2), a court may dismiss a case for lack of jurisdiction over the person. The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper. Jurisdiction must comport with: (1) the state long-arm statute, and (2) the constitutional requirement of due process. Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10. Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. See Mattel, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

1  "traditional notions of fair play and substantial justice," thus the nonresident defendant is required

2  to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id.

3  (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

4

5       Personal jurisdiction may be found where the defendant's activities subject him to either

6  general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's

7  activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems

8  Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general

9  jurisdiction, a nonresident defendant may still be sued in the forum if specific jurisdiction exists. Id.

10

11 The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction

12 over a defendant: `Specific' jurisdiction exists if (1) the defendant has performed some act or

13 consummated some transaction within the forum or otherwise purposefully availed himself of the

14 privilege of conducting activities in the forum, (2) the claim arises out of or results from the

15 defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. Mattel, 354

16 F.3d at 863(quoting Bancroft & Masters v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir.

17

18 2000)).

19

20      Mark Karpeles is a citizen of France Compl. ¶ 4 and a resident of Japan. Mr. Karpeles has

21 never stepped foot in California. He was an officer and director of Mt Gox KK. That is insufficient

22 grounds to have personal jurisdiction over Defendant Mark Karpeles. It was unreasonable to

23 exercise personal jurisdiction over a Japanese corporate officer of a Japanese corporation in a

24 securities fraud class action [City of Monroe Employees Retirement System v Bridegestone Corp

25 (6th Cir. 2005) 399F 3d 651,666]. It was similarly unreasonable when Defendant Kapreles had no

26

27 contacts with California.

28      The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its

nonresident officers, directors, agents and employees are locally suable as well (Calder v. Jones (1984) 465 US 783, 104 S. Ct.1482,Kinslow v Pullara (7th Cir 2008) 538 F3d 687,693. In this case the corporation is not a named party and they are coming after Mark Karpeles as an officer.

In order to disregard the corporate entity for jurisdictional purposes, plaintiffs must make a prima facia case under appropriate substantive law to establish alter ego liability American Tel. & Tel. Co. v Compagnie Bruxelles Lambert (9th Cir. 1996) 94 F3d 586,591. To support personal jurisdiction over the individuals who are sought to be liable as alter egos of the corporation, it must be shown that they *personally directed* the activities toward the forum state that gave rise to the complaint (Indiana Plumbing Supply Inc. v Standard of Lynn, Inc. (CD CA 1995) 880 F Supp 743,750. The Declaration of Mr. Karpeles is completely divergent on this issue.

Where the Court exercises only limited personal jurisdiction limited to claims arising out of defendant's forum-related activities, due process requires that it consider only defendants contacts with the forum when the action was filed. Thus the filing date of the complaint controls.

In Monkton Ins. Services Ltd v Ritter (5th Cir 2014) 768 F3d 429,432  a Foreign corporation conducted business with the forum state through a fully interactive website, wire transferred funds to banks in that state and had telephone conversations with a forum resident. Even so, since it was neither incorporated nor had its principal place of business in the forum state it was not subject to general personal jurisdiction there. None of these facts were present for the French citizen living in Japan.

Specific jurisdiction focuses on the relationship between the forum, the defendant and the litigation. (Walden v. Fiore (2014) 571 U.S. 277,283,134 S. Ct. at1121). To do so Plaintiff must establish Defendant purposely availed himself to jurisdiction plus arising out of the transaction. In J. McIntyre Machinery Ltd. v. Nicastro (2011) 564 US 873, 131 S.Ct. 2780,2790, the Court ruled selling its product through a US Distributor and having four (4) of its machines end up in New

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

Jersey-one of which caused the harm-was insufficient for jurisdiction!

Permitting several Kentucky customers to access foreign banks website was not deemed a substantial connection for jurisdictional grounds over a foreign bank (Community Trust Bancorp, Inc. v Community Trust Fin'l Corp (6th Cir. 2012) 692 F3d 469,472-473). Even when a Defendant has purposely engaged in forum related activities jurisdiction may be defeated (Asahi Metal Industry Co.Ltd. v. Sup. Ct. of California (1987) 480 US 102,115, 107 S.Ct. 1026, 1034. Neither Mt. Gox nor Mr. Karpeles direct any activities to the United States and they did not expect to be required to defend in a California Court.

General jurisdiction cannot be based solely on a nonresident's operation of a website accessible to forum computer users. Mere operation of a website even if interactive "does not by itself show any persistent course of conduct by defendants in the [forum state]" GTE New Media Services v. BellSouth Corp. (DC Cir 2000) 1999 F3d 1343, 1349-1350.

## FAILURE TO PROSECUTE

This lawsuit was filed in January 2018. The Scheduling Order prohibits discovery after, a pretrial conference on June 6, 2019 and a trial on June 26, 2019. Plaintiff is required to serve Defendant in X days. Plaintiff has remedies if serve becomes difficult. Plaintiff sat on their rights and never served Defendant Karpeles until after discovery was cut off and upon the eve of trial. Procedural due process requires Defendant to have an opportunity to adequately defend their rights. The requirement for service is paramount for a fair trial and the prejudice to Defendant Karpeles is extraordinary.

## MOTION TO DISMISS COMPLAINT
## STANDARD-LACKING SUFFICIENT ALLEGATIONS AND FACTS

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not require detailed factual

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN

allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1995). "Factual allegations must be enough to rise above the speculative level." *Twombly,* 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 696

District courts must apply a two-step approach when considering motions to dismiss. *Iqbal,* 556 U.S. at 679 First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Brown v. Elec. Arts, Inc.,* 724 F.3d 1235, 1247-48 (9th Cir. 2013). Conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal,* 556 U.S. at 679; *Brown,* 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal,* 556 U.S. at 678. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663 Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679. If the claims do not cross the line from conceivable to plausible, the complaint must be dismissed. *Twombly,* 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. We cannot even tell what the class action details to defend.

## THE CAUSES OF ACTION
## ARE FOR ACTIONS CAUSE BY MIZOHU
## NOT PLAINTIFF

***Leave to Amend Would Be Futile***

Although plaintiffs are ordinarily given an opportunity to amend, an amendment in this case would be futile because untimeliness is not a problem that can be solved by changes to the pleadings. There are no additional facts or alternative theories that could be added to the Complaint to make the claims timely. Amendment to expressly assert a fraud claim would also be futile, because such a claim is also time-barred. Accordingly, leave to amend is not appropriate.

## CONCLUSION

As stated above the Court should dismiss the Complaint against Mark Karpeles in its entirety.

Dated May 6, 2019

By _____

Peter Bronstein for Defendant Mark Karpeles

# EXHIBIT A

## DECLARATION OF MARK KARPELES

1. I am the Defendant in this case. I have personal knowledge of the following facts and if called to testify I will testify to the facts stated herein.

2. I was the President of MTGOX KK that was formed on August 9th, 2011.

3. MTGOX KK was formed in Tokyo, Japan and has been a valid and active corporation since formation until it filed for Civil Rehabilitation under Japanese law on February 28th, 2014.

4. All of the formalities of the corporation including meetings, minutes, and tax returns have been timely.

5. MTGOX KK had over 100 employees and contractors in 2013 and 2014.

6. MTGOX KK operated a website named MtGox.com. This domain and website operated since July 2010. The servers and work for the site was completed and existed in Japan as of 2013.

7. I am 33 years old. I have never stepped foot in the United States at any time for any reason.

8. The website MtGox.com has never marketed or advertised in the United States and specifically never marketed or advertised in California.

9. The website MtGox.com handled thousands of transactions per day.

10. I was not personally engaged in the marketing or advertising of MtGox.com

11. MTGOX KK never had an employee in the United States

12. MTGOX KK never had an agent or independent contractor in the United States

13. MTGOX KK has no active partners, joint ventures or distributors in the United States.

14. MTGOX KK has no parent corporations in the United States.

15. MTGOX KK is not a successor corporation.

16. I am a citizen of the nation of France.

17. I am currently a resident of the nation of Japan.

18. I have never resided nor domiciled in the United States, owned property in the United States, or paid taxes in the United States.

19. I have never maintained an office in California nor have any employees in California.

20. I am the sole shareholder of Tibanne KK, which owns eighty-eight (88) percent of the shares of MTGOX KK.

21. From 2011 to 2014, I functioned as the President and CEO of MTGOX KK

22. Mt. Gox was never registered to do business in California, did not maintain an office in California, and had no employees in California.

23. Mt. Gox did not engage in any nationwide advertising in the United States of America.

24. There was never a specific decision that Mt. Gox would operate or conduct business in California.

25. Mt. Gox had a total of over 1,000,000 accounts.  Mt. Gox has over 450,000 addresses associated with those accounts.

26. I personally did not know whether or how many account-holders were located in California at the times referenced in the Complaint

27. I have never met, spoken, or corresponded with any of the named Plaintiffs in this suit.

28. I did not direct any advertising on behalf of Mt. Gox.

2
DECLARATION OF MARK KARPELES

29. I was not responsible for Mt. Gox's day-to-day accounting.

30. I never commingled Mt. Gox funds with my own personal funds or vice versa.

31. I did not direct any marketing on behalf of Mt. Gox

32. I did not direct any sales on behalf of Mt.Gox

33. I did not direct any advertising on behalf of Mt. Gox

34. I did not handle day to day website for Mt. Gox

35. I did not setup Mt. Gox website as an interactive website

36. I did not own the mtgox.com domain

37. Some customers directly deposited funds to an account at Mizuho Bank in Japan.

38. Mt. Gox was not undercapitalized.

39. I did not divert any assets from Mt. Gox.

40. I have never been involved in litigation in California.

41. I was unaware of the lawsuit filed in the Central District of California federal court until I received an email on April 15, 2019.

42. Not only would it be a significant financial burden to continuously travel to the United States and the State of California to defend this matter if I could, at this time I am unable to leave Japan for legal reasons.

43. The Mt. Gox bankruptcy proceedings in Japan are now civil rehabilitation proceedings.

44. Former Mt. Gox account holders could submit claims for their lost funds to the civil rehabilitations proceedings and will likely be reimbursed with bitcoin and bitcoin cash.

45. Mt. Gox was never domiciled in California or the United States

46. I never directed activities towards any resident or domicile of California.

47. Mt. Gox never directed any activities towards any resident or domicile of California.

3
DECLARATION OF MARK KARPELES

48. Mt. Gox terms of service are not directed to United States residents and do not allow cases in the United States or California specifically.

49. The Mt. Gox website went dark on or around February 24, 2014 and is unavailable since that date.

50. On February 28th, 2014 Mt. Gox conducted a Press Conference explaining it entered Civil Rehabilitation proceedings.

I DECLARE under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on May 6, 2019.

By_____

Mark Karpeles

EXHIBIT B

1      I, PETER BRONSTEIN, hereby declare:

2      1.    I am an attorney at law duly licensed to practice in the State of California. I have

3 personal knowledge of the following facts and if called to testify I will testify to the facts stated

4 herein.

5      2.    In April 2019 I spoke with Aaron Lawrence regarding the deadline to respond, the

6 contemplated motion to dismiss based upon lack of jurisdiction and statute of limitations.

7      3.    On May 5, 2019 I emailed Arron Lawrence to meet and confer about the statute of

8 limitations, jurisdiction over Mark Karpeles, Failure to prosecute and the amount in controversy

9      4.    On May 5, 2019 Aaron Lawrence responded to my email to meet and confer and

10 indicated he disagreed with my points in my email

11      5.    Aaron and I did not come to any agreement regarding the contemplated motion to

12 dismiss.   .

13      I declare under penalty of perjury under the laws of the state of California that the

14 foregoing is true and correct and that this declaration was executed on May 6, 2019.

15 .

16 DATED: May 6, 2019      By: _____

17      Peter Bronstein, Attorney for Defendant Mark Karpeles

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF PETER C BRONSTEIN

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1999 Avenue of the Stars 11th Floor, Los Angeles, CA 90067.

On May 6, 2019, I served the foregoing documents described as Notice of Motion, Memorandum of Points and Authorities in support of Defendant Mark Karpeles Motion to dismiss, Declarations of Mark Karpeles and Peter Bronstein. on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

EDELSON PC
123 Townsend Street
San Francisco, CA 94107
Attn: Rafey S. Balabanian

[X]     BY MAIL

    [X]   I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

    [ ]   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 6, 2019 Los Angeles, California.

[]      (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]     (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.


Peter Bronstein                                  /Peter Bronstein/
Type or print name                               Signature

NOTICE OF MOTION, MEMORANDUM OF POINTS AND AUTHROITIES AND
DECLARATION OF MARK KARPELES AND PETER BRONSTEIN