1

RAFEY S. BALABANIAN (SBN – 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN – 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff*

*Additional Counsel on Signature Page*

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

10

**CENTRAL DISTRICT OF CALIFORNIA**

11

**WESTERN DIVISION**

12

13

14

15

16

17

18

19

| JOSEPH LACK, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> MIZUHO BANK, LTD., a Japanese financial institution, and MARK KARPELES, an individual, <br><br> *Defendants*. | Case No. 2:18-cv-00617-RGK-GJS <br><br> **JOINT LOCAL RULE 40-1 APPLICATION FOR CONTINUANCE OF TRIAL DATE** |
|---|---|

20

21

22

23

24

25

26

27

28

1    Plaintiff Joseph Lack, Defendant Mizuho Bank Ltd., and Defendant Mark

2  Karpeles hereby jointly move to continue the trial scheduled in this action for

3  seven (7) months. In support of this motion, the parties state as follows:

4    The June 25, 2019, trial date in this matter (and related pretrial dates) should

5  be continued for seven months to allow Defendant Karpeles the chance to develop

6  a factual record relevant to his defenses, and to allow the existing parties the

7  chance to take discovery of Karpeles relevant to their claims and defenses. The

8  "good cause" standard applies to this request. *See Moreno v. SFX Entm't, Inc.*,

9  2016 WL 6039216, at *1 (C.D. Cal. Jan, 8, 2016). The "'good cause' standard

10  primarily considers the diligence of the party [here, parties] seeking the

11  amendment" of the schedule. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d

12  604, 609 (9th Cir. 1992). Beyond diligence, "the focus of the inquiry is on the

13  moving party's reasons for seeking modification." *Id.* The Court can also consider

14  any prejudice to the non-moving parties. *See id.*

15    Lack and Mizuho have diligently moved the case forward to this point. They

16  have filed dispositive motions and are currently preparing for trial. They have

17  complied with all deadlines set by the Court.

18    Lack alleges that he has diligently attempted to serve Karpeles and secure

19  his participation in the case prior to this point. Lack's counsel investigated

20  Karpeles's recent whereabouts, sought and received leave to conduct early third-

21  party discovery to obtain the information necessary to serve Karpeles in

22  accordance with federal and international law, and began the process of serving

23  Karpeles through the Japanese Central Authority once that process became

24  feasible. (See Dkts. 60-1, ¶¶ 3-5; 70-1, ¶¶ 4-6; 79, at 3; 106.) Lack's counsel states

25  that, given the processes and structure of the Japanese Central Authority, it was not

26  possible to attempt service on Karpeles any more quickly. (See, e.g., Dkt. 70-1,

27  ¶ 6.) And Karpeles himself, who was served on April 16, 2019 (dkt. 106), filed his

28

1   motion to dismiss on May 6, 2019.  (Dkt. 110.) A hearing is scheduled on that

2   motion for June 10, 2019, the same day as the pretrial conference. (See Dkt. 67.)

3        The parties also diligently brought this application to the Court's attention.

4   As the Court is aware, Lack and Mizuho previously litigated Lack's claims in the

5   case of *Greene, et al. v. Karpeles, et al.*, No. 14-cv-01437 (N.D. Ill.), which is still

6   proceeding in the Northern District of Illinois. Karpeles was also named in *Greene*

7   but although the court there approved a motion to serve Karpeles by alternative

8   means in 2016, and Karpeles was indeed served on September 21, 2016, ECF No.

9   235, No. 14-cv-1437 (N.D. Ill.), Karpeles did not appear through counsel until

10  August 24, 2018 (just over 23 months later), in order to oppose the entry of default

11  against him, ECF No. 390, No. 14-cv-1437 (N.D. Ill.), several months after

12  Mizuho exited that case. When this case was filed (and as was the case in *Greene*),

13  Karpeles did not accept or waive service. Thus, it appeared that (as in *Greene*)

14  discovery, motion practice, and trial would proceed without Karpeles's

15  participation.

16       Things have now changed. Karpeles has appeared and moved to dismiss the

17  claims against him (dkt. 110), so Lack and Mizuho are now preparing for trial

18  knowing that one of the key witnesses will (if Karpeles's motion to dismiss is

19  denied) soon be participating in discovery (the deadlines for which haven't been

20  set, and won't be until his motion to dismiss is resolved). To date, Lack and

21  Mizuho have not taken any discovery from Karpeles (or vice versa). From

22  Karpeles's point of view, he wishes to have the opportunity to take discovery in

23  order to support his defenses. *See Kupalyan v. Mitsubishi Motor Sales of Am., Inc.*,

24  2009 WL 10673217, at *2 (C.D. Cal. July 17, 2009) (finding good cause to

25  continue trial date so that plaintiff could depose a defense witness); *Hinds*

26  *Investments, LP v. Bowe Permac, Inc.*, 2011 WL 13214541, at *2 (C.D. Cal. Mar.

27  8, 2011) (finding good cause to continue trial date existed when the parties agreed

28

JOINT APP. TO CONTINUE TRIAL                2                CASE NO. 2:18-CV-00617-RGK-GJS

1  to consolidate two actions alleging claims related to the same episode of

2  environmental contamination and one action required further factual development).

3        Finally, no party will be prejudiced by the proposed extension. In fact, the

4  parties will be prejudiced without a continuance, because they will face imminent

5  pretrial deadlines[1] without the benefit of a full discovery record that includes

6  Karpeles. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 862-63

7  (9th Cir. 2014) (noting that the Federal Rules of Civil Procedure establish orderly

8  discovery procedures requiring timely disclosures so that parties are not forced to

9  try a case after "scramble[ing]" to deal with "last-minute discovery"). A trial held

10  under the current schedule would be inefficient and unfair to all parties. Instead,

11  continuing the trial date so that the parties may obtain the further discovery

12  necessary to support their claims and defenses will ensure "that trial efforts are

13  enhanced and efficient, and the trial process is improved." *Id.*; *see also Tivoli LLC*

14  *v. Spa*, 2016 WL 6138406, at *3-*4 (C.D. Cal. Feb. 19, 2016) (finding good cause

15  to continue trial date when plaintiff received late discovery relevant to one of its

16  claims); *White v. Nw. Metal Fab & Pipe*, 2008 WL 3992769, at *2 (W.D. Wash.

17  Aug. 22, 2008) (finding good cause to continue trial date to allow defendant to

18  depose previously unavailable witness relevant to its anticipated defense).

19        The requested seven-month extension is additionally reasonable. While Lack

20  and Mizuho have already conducted discovery with respect to each other,

21

22  [1] Upcoming pretrial deadlines, include, but are not limited to:  May 10, 2019 deadline for motions in limine; May 20, 2019 deadline for memoranda of

23  contentions of fact and law, witness lists, and exhibit lists; May 21, 2019 deadline for Lack to serve proposed jury instructions and special verdict forms; May 28,

24  2019 deadline for defendants to serve objections to plaintiff's jury instructions; June 3, 2019 deadline for proposed voir dire questions; June 5, 2019 deadline for

25  the submission of narratives of expert qualifications and expected testimony; and June 7, 2019 deadline for a joint set of jury instructions on which the parties agree.

26  

27  The parties, however, are not seeking to postpone the dates for filing briefs in opposition to and further support of the pending motions for summary judgment, or

28  the date of the hearing on those motions, currently scheduled for June 3, 2019.

1 | discovery against Karpeles will take some time. In addition to the standard
2 | response times built into the Federal Rules of Civil Procedure, Karpeles and his
3 | counsel in *Greene* have indicated that some documents relevant to this case are in
4 | the possession of the trustee appointed to oversee the Mt. Gox Civil Rehabilitation
5 | proceedings. Figuring out which documents and information fit this bill—and then
6 | attempting to obtain that information—will be more complex than in a run-of-the-
7 | mill case. And because Karpeles still resides in (and cannot leave) Japan, Lack and
8 | Mizuho must schedule Karpeles's deposition to take place at either the U.S.
9 | embassy or consulate locations in Japan—where only three rooms (in all of Japan)
10 | are available to U.S. litigants. Given the limited space available, along with the
11 | need to secure and clear the necessary visas, book travel, etc., the U.S. Department
12 | of State has advised that depositions must be scheduled *at least* six weeks in
13 | advance.  *See* U.S. Embassy & Consulates in Japan, Depositions in Japan
14 | https://jp.usembassy.gov/u-s-citizen-services/attorneys/depositions-in-japan/. In
15 | other words, the parties understand the urgency of resolving this case but, because
16 | of unavoidable logistical concerns, they will need some time to complete discovery
17 | against Karpeles (assuming his motion to dismiss is denied). The requested
18 | continuance also accounts for the holidays.

**CONCLUSION**

19 | 
20 |       In sum, a seven-month continuance of the June 25, 2019 trial date (and
21 | related pretrial dates) is necessary to allow the parties to develop the record on
22 | their claims and defenses, and to ensure that the scheduled trial is fair to all
23 | involved. No party will be prejudiced by this extension. The Court should continue
24 | the scheduled June 25, 2019 trial by seven months.
25 | 
26 | 
27 | 
28 |

Respectfully submitted,

**JOSEPH LACK**, individually and on behalf of all others similarly situated,

Dated: May 8, 2019

By: /s/ J. Aaron Lawson
One of Plaintiff's Attorneys

RAFEY S. BALABANIAN (SBN 315962)
rbalabanian@edelson.com
J. AARON LAWSON (SBN 319306)
alawson@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: (415) 212-9300
Fax: (415) 373-9435

*Counsel for Plaintiff*

**MIZUHO BANK, LTD.**,

By: /s/ Jerome S. Fortinsky
One of Defendant Mizuho Bank, Ltd.'s Attorneys

JOHN F. COVE, JR. (SBN 212213)
john.cove@shearman.com
EMILY V. GRIFFEN (SBN 209162)
Emily.griffen@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California 94105
Tel.: (415) 616-1100
Fax: (415) 616-1199

JEROME S. FORTINSKY (admitted *pro hac vice*)
jfortinsky@shearman.com
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Tel.: (212) 848-4000
Fax: (212) 848-7179

*Counsel for Defendant Mizuho Bank, Ltd.*

1

2
**MARK KARPELES**,

3
By: /s/ Peter Bronstein
One of Defendant Mark Karpeles's
Attorneys

4

5
PETER BRONSTEIN (SBN 153611)
peterbronz@yahoo.com
LAW OFFICES OF PETER C. BRONSTEIN

6
1999 Avenue of the Stars, 11th Floor
Los Angeles, California 90067

7
Tel.: 310-203-2249

8
*Counsel for Defendant Mark Karpeles*

9

10

11
### FILER'S ATTESTATION

12
I, J. Aaron Lawson, am the ECF user whose identification and password are

13
being used to file this Unopposed Joint Application for Continuance of the Trial

14
Date. I hereby attest that all signatories listed on the preceding pages concur in this

15
filing.

16
Dated: May 8, 2019                    /s/ J. Aaron Lawson

17

18

19

20

21

22

23

24

25

26

27

28